HANSON BRIDGETT LLP
JAMES A. NAPOLI – 131968
jnapoli@hansonbridgett.com
JILL N. CARTWRIGHT – 209479
jcartwright@hansonbridgett.com
AMELIA MIAZAD - 224200
amiazad@hansonbridgett.com
425 Market Street, 26th Floor
San Francisco, CA 94105-2173
Telephone: (415) 777-3200
Facsimile: (415) 541-9366

Attorneys for Plaintiff
RES-CARE, INC.

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| RES-CARE, INC., <br><br> Plaintiff, <br><br> v. <br><br> ROTO-ROOTER SERVICES COMPANY, ROTO-ROOTER CORPORATION, BRADFORD-WHITE CORPORATION, LEONARD VALVE COMPANY, and DOES 1 through 20, inclusive, <br><br> Defendants. | No. C-09-03856 EDL <br><br> **JOINT FRCP RULE 26(F) STATEMENT** <br><br> Date: December 1, 2009 <br> Time: 10:00 a.m. <br> Place: Ctrm E, 15th Fl. <br> Judge: Honorable Elizabeth D. Laporte <br><br> Complaint Filed: August 21, 2009 |

Pursuant to FRCP 26(f), Civil L.R. 16-9(a), and this Court's Standing Order, the parties to the above-entitled action certify that they met and conferred prior to the Initial Case Management Conference scheduled for December 1, 2009 in this case and submit this Joint Case Management Statement.

**1. Jurisdiction and Service:**

**Plaintiff:** Plaintiff initiated this case in this Court on August 21, 2009. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331. The action is brought

under 29 U.S.C. §§ 1104 and 1132. Plaintiff also seeks declaratory and injunctive relief pursuant to 28 U.S.C. § 2201.

**Defendants:** Ken Simoncini, Simoncini & Associates, attorneys for Roto-Rooter Services Company and Roto-Rooter Corporation; William Cremer and Thomas Pender, Cremer, Spina, Shaughnessy, Jansen & Siegert LLC, attorneys for Leonard Valve Company; and Joseph C. Wright, Law Office of Joseph C. Wright, attorneys for Bradford White Corporation.

2. **Facts:**

In this action, Res-Care seeks indemnification and contribution from Defendants based on their proportionate share of liability for claims for which Res-Care settled and paid damages for in the matter of *Conservatorship of the Person and Estate of Theresa Rodriguez v. Res-Care, Inc., et al.*, San Mateo Superior Court Case No. 114740 (the "Underlying Action"). Res-Care was sued in the Underlying Action for damages sustained by a former resident of a RES-CARE facility, Theresa Rodriguez, a developmentally disabled adult, who suffered serious burn injuries as the result of a scalding incident while being showered. To avoid the cost and risk of further litigation, Res-Care agreed to a monetary settlement of the Underlying Action and, pursuant to a settlement agreement negotiated among Res-Care, RCCA Services and Ms. Rodriguez (the "Rodriguez Settlement"), Res-Care paid the settlement amount of 8.5 million dollars to the conservator of Ms. Rodriguez on August 26, 2008, in exchange for her release of all claims against Res-Care and RCCA Services. Res-Care contends that Ms. Rodriguez' injuries were caused in whole or substantial part by a malfunction in the water heating system at the McGarvey Home. That water heating system is comprised of a water heater and mixing valve. The water heater was designed, manufactured and distributed by Defendant Bradford White. The mixing valve was designed, manufactured and distributed by Defendant Leonard Valve. Defendant Roto-Rooter sold, installed and serviced the Bradford White water heater just days prior to and after the scalding incident.

3. **Legal Issues:**

A comprehensive list of the legal disputes in this matter cannot be given at this time because discovery has not yet begun and there is not yet enough information to discern all of the legal issues that are bound to arise. However, without limitation and without waiver of any parties' rights, remedies, or positions, the parties have identified the following legal issues:

(a) Whether Defendants had a duty to properly design, manufacture, sell, install, analyze, inspect, repair, equip and/or supply adequate warnings regarding the Water Heater System.

(b) Whether Defendants negligently and carelessly designed, manufactured, sold, installed, analyzed, inspected, repaired, equipped and/or supplied with inadequate warnings the Water Heater and Mixing Valve.

(c) Whether Defendants knew, or in the exercise of reasonable care should have known, that the Water Heater and Mixing Valve were defective and dangerous products, unsafe for the purpose and use for which each was intended, and likely to cause injury to persons.

(d) Whether the acts and omissions of Defendants' were the cause-in-fact and proximate cause of Ms. Rodriguez' injuries and/or shared in the liability for the harm she suffered.

(e) Whether Defendants are jointly and severally liable for the injuries, and damages that Ms. Rodriguez suffered.

(f) Whether Res-Care is entitled to indemnity and/or contribution from Defendants toward the amounts it was required to pay to resolve the Underlying Action, based on principles of comparative equitable indemnity and comparative fault.

4. **Motions:**

The parties presently do not anticipate filing any motions, but reserve the right to do so.

JOINT FRCP RULE 26 STATEMENT, C-09-03856 EDL                    2124212.1

5. **Amendment of Pleadings:**

None are anticipated at this time.

6. **Evidence Preservation:**

The parties have met and conferred and confirmed the preservation of all electronic and other evidence.

7. **Disclosures:**

The parties will shortly be exchanging their Initial Disclosures. The parties are disclosing persons with knowledge of the claims and identifying relevant documents supporting claims and defenses.

8. **Discovery:**

Substantial discovery was conducted in the Underlying Action. This time includes time spent propounding and responding to written discovery, document production, and depositions, including expert depositions. The Northern District of California has held that deposition testimony and discovery responses from a prior state court action, unless inadmissible for another reason, are admissible in a Federal court action. *See e.g. Erdmann v. Tranquility Inc.*, 155 F. Supp. 2d 1152, 1155 (N.D. 2001).

The parties will meet and confer after the initial exchange to determine the necessity for additional discovery.

9. **Class Actions:**

Not applicable.

10. **Related Cases:**

*Conservatorship of the Person and Estate of Theresa Rodriguez v. Res-Care, Inc., et al.*, San Mateo County Superior Court, Case No. 114740. This matter has settled with the only remaining issue before the state court being Leonard Valve's petition for attorneys' fees and costs and Res-Care's Motion to Strike same.

11. **Relief Sought:**

Plaintiff seeks the following relief:

- 4 -

(a) All costs, damages, attorneys' fees, interest or any other remedies or expenses incurred in the Underlying Action and Rodriguez Settlement.

(b) For a declaration that Defendants are liable to Res-Care for indemnity and contribution for all costs, damages, attorneys' fees, interest or any other remedies or expenses incurred in the Underlying Action and Rodriguez Settlement.

**12. Settlement and ADR:**

The parties have agreed to an early Mediation with Edward Infante at JAMS in San Francisco. The parties are working together to find mutually agreeable dates.

**13. Consent to Magistrate Judge for All Purposes:**

The parties consent to have a Magistrate Judge conduct all further proceedings.

**14. Narrowing of Issues:**

The parties intend to meet and confer regarding the possible narrowing of issues in the case. The parties anticipate that such a meeting will be most productive, and accordingly should be scheduled, promptly following the exchange of Initial Disclosures and relevant documents.

**15. Scheduling:**

The parties propose the following trial schedule:

| | |
|---|---|
| Discovery Cutoff: | July 1, 2010 |
| Expert Designation Deadline: | August 1, 2009 |
| Deadline to Hear Dispositive Motions: | September 17, 2010 |
| Expert Discovery Cutoff: | September 30, 2010 |
| Pre-Trial Conference: | October 18, 2010 |
| Trial Date: | November 8, 2010 |

**16. Trial:**

Plaintiff anticipates that this case will be resolved by way of a 8-10 day

- 5 -

bench trial. Defendants will not stipulate to a bench trial and anticipate that this case will be resolved by way of a 12-14 day jury trial.

17. **Disclosure of Non-party Interested Entities or Persons:**

The Parties have filed Disclosure Statements pursuant to FRCP Rule 7.1 and a Certification of Interested Entities or Persons with their first appearance.

18. **Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter:**

None at this time.

DATED: November 2_4_, 2009      HANSON BRIDGETT LLP

By: :_____
JAMES A. NAPOLI
JILL N. CARTWRIGHT
AMELIA MIAZAD
Attorneys for Plaintiff
RES-CARE, INC.

DATED: November ___, 2009      SIMONCINI & ASSOCIATES

By: :_____
KENNETH SIMONCINI
KERRI A. JOHNSON
Attorneys for Defendants
ROTO-ROOTER SERVICES COMPANY
AND ROTO-ROOTER CORPORATION

DATED: November 24, 2009      CREMER, SPINA, SHAUGHNESSY,
JANSEN & SIEGERT, LLC

By:_____
WILLIAM CREMER
THOMAS PENDER
Attorneys for Defendant
LEONARD VALVE COMPANY

DATED: November ___, 2009      LAW OFFICE OF JOSEPH C. WRIGHT

By: :_____
JOSEPH C. WRIGHT
Attorneys for Defendant
BRADFORD WHITE CORPORATION

- 6 -

JOINT FRCP RULE 26 STATEMENT, C-09-03856 EDL                    2124212.1

| | | |
|---|---|---|
| 1 | DATED: November ___, 2009 | HANSON BRIDGETT LLP |
| 2 | | By: :_____ |
| 3 | | JAMES A. NAPOLI<br>JILL N. CARTWRIGHT |
| 4 | | AMELIA MIAZAD<br>Attorneys for Plaintiff<br>RES-CARE, INC. |
| 5 | DATED: November 24, 2009 | SIMONCINI & ASSOCIATES |
| 6 | | By: :_[signature]_____ |
| 7 | | KENNETH SIMONCINI<br>KERRI A. JOHNSON |
| 8 | | Attorneys for Defendants<br>ROTO-ROOTER SERVICES COMPANY |
| 9 | | AND ROTO-ROOTER CORPORATION |
| 10 | DATED: November ___, 2009 | CREMER, SPINA, SHAUGHNESSY,<br>JANSEN & SIEGERT, LLC |
| 11 | | |
| 12 | | By:_____<br>WILLIAM CREMER |
| 13 | | THOMAS PENDER<br>Attorneys for Defendant |
| 14 | | LEONARD VALVE COMPANY |
| 15 | DATED: November ___, 2009 | LAW OFFICE OF JOSEPH C. WRIGHT |
| 16 | | By: :_____<br>JOSEPH C. WRIGHT |
| 17 | | Attorneys for Defendant<br>BRADFORD WHITE CORPORATION |

bench trial. Defendants will not stipulate to a bench trial and anticipate that this case will be resolved by way of a 12-14 day jury trial.

**17. Disclosure of Non-party Interested Entities or Persons:**

The Parties have filed Disclosure Statements pursuant to FRCP Rule 7.1 and a Certification of Interested Entities or Persons with their first appearance.

**18. Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter:**

None at this time.

DATED: November ___, 2009          HANSON BRIDGETT LLP

By: :_____
JAMES A. NAPOLI
JILL N. CARTWRIGHT
AMELIA MIAZAD
Attorneys for Plaintiff
RES-CARE, INC.

DATED: November ___, 2009          SIMONCINI & ASSOCIATES

By: :_____
KENNETH SIMONCINI
KERRI A. JOHNSON
Attorneys for Defendants
ROTO-ROOTER SERVICES COMPANY
AND ROTO-ROOTER CORPORATION

DATED: November ___, 2009          CREMER, SPINA, SHAUGHNESSY,
                                   JANSEN & SIEGERT, LLC

By:_____
WILLIAM CREMER
THOMAS PENDER
Attorneys for Defendant
LEONARD VALVE COMPANY

DATED: November 24, 2009           LAW OFFICE OF JOSEPH C. WRIGHT

By: :_____
JOSEPH C. WRIGHT
Attorneys for Defendant
BRADFORD WHITE CORPORATION

- 6 -

JOINT FRCP RULE 26 STATEMENT, C-09-03856 EDL                    2124212.1