1   HANSON BRIDGETT LLP
    JAMES A. NAPOLI - 131968
2   jnapoli@hansonbridgett.com
    AMELIA MIAZAD - 224200
3   amiazad@hansonbridgett.com
    425 Market Street, 26th Floor
4   San Francisco, CA  94105-2173
    Telephone:   (415) 777-3200
5   Facsimile:   (415) 541-9366

6   Attorneys for Plaintiff
    RES-CARE, INC.

7

8                   UNITED STATES DISTRICT COURT

9            FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                    SAN FRANCISCO DIVISION

11

12   RES-CARE, INC.,                    No. C-09-03856 EDL

13            Plaintiff,                **UPDATED JOINT FRCP RULE 26(f)**
                                        **STATEMENT**
14       v.
                                        Date:    March 23, 2010
15   ROTO-ROOTER SERVICES              Time:    10:00 a.m.
     COMPANY, ROTO-ROOTER              Place:   Courtroom E, 15th Floor
16   CORPORATION, BRADFORD-WHITE       Judge:   Honorable Elizabeth D. Laporte
     CORPORATION, LEONARD VALVE
17   COMPANY, and DOES 1 through 20,   Complaint Filed:  August 21, 2009
     inclusive,
18
              Defendants.
19

20         Pursuant to FRCP 26(f), Civil L.R. 16-9(a), and this Court's Standing Order, the

21   parties to the above-entitled action certify that they met and conferred prior to the

22   second Case Management Conference scheduled for March 23, 2010 in this case and

23   submit this Updated Joint FRCP 26 (f) Statement.

24       **1.    Jurisdiction and Service:**

25           **Plaintiff:**  Plaintiff Res-Care, Inc. ("Res-Care") initiated this case in this

26   Court on August 21, 2009.  This Court has subject matter jurisdiction pursuant to 28

27   U.S.C. § 1331.  The action is brought under 29 U.S.C. §§ 1104 and 1132.  Plaintiff also

28   seeks declaratory and injunctive relief pursuant to 28 U.S.C. § 2201.  Plaintiff is

                                        - 1 -

1  represented by Hanson Bridgett LLP.

2      **Defendants:**  Ken Simoncini, Simoncini & Associates, attorneys for Roto-

3  Rooter Services Company and Roto-Rooter Corporation; William Cremer and Thomas

4  Pender, Cremer, Spina, Shaughnessy, Jansen & Siegert LLC, attorneys for Leonard

5  Valve Company; and Joseph C. Wright, Cannata, Ching & O'Toole LLP, attorneys for

6  Bradford White Corporation.

7      2.   <u>Facts:</u>

8      In this action, Res-Care seeks indemnification and contribution from

9  Defendants based on their proportionate share of liability for claims for which Res-Care

10  settled and paid damages for in the matter of *Conservatorship of the Person and Estate*

11  *of Theresa Rodriguez v. Res-Care, Inc., et al.*, San Mateo Superior Court Case No.

12  114740 (the "Underlying Action").  Res-Care was sued in the Underlying Action for

13  damages sustained by a former resident of a RES-CARE facility, Theresa Rodriguez, a

14  developmentally disabled adult, who suffered serious burn injuries as the result of a

15  scalding incident while being showered.  To avoid the cost and risk of further litigation,

16  Res-Care agreed to a monetary settlement of the Underlying Action and, pursuant to a

17  settlement agreement negotiated among Res-Care, RCCA Services and Ms. Rodriguez

18  (the "Rodriguez Settlement"), Res-Care paid the settlement amount of 8.5 million dollars

19  to the conservator of Ms. Rodriguez on August 26, 2008, in exchange for her release of

20  all claims against Res-Care and RCCA Services.  Res-Care contends that Ms.

21  Rodriguez' injuries were caused in whole or substantial part by a malfunction in the

22  water heating system at the McGarvey Home.  That water heating system is comprised

23  of a water heater and mixing valve.  The water heater was designed, manufactured and

24  distributed by Defendant Bradford White.  The mixing valve was designed, manufactured

25  and distributed by Defendant Leonard Valve.  Defendant Roto-Rooter sold, installed and

26  serviced the Bradford White water heater just days prior to and after the scalding

27  incident.

28  / / /

UPDATED JOINT FRCP RULE 26 STATEMENT, C-09-03856 EDL    2288792.1

3. **Legal Issues:**

Without limitation and without waiver of any parties' rights, remedies, or positions, the parties have identified the following legal issues:

(a)     Whether Defendants had a duty to properly design, manufacture, sell, install, analyze, inspect, repair, equip and/or supply adequate warnings regarding the Water Heater System.

(b)     Whether Defendants negligently and carelessly designed, manufactured, sold, installed, analyzed, inspected, repaired, equipped and/or supplied with inadequate warnings the Water Heater and Mixing Valve.

(c)     Whether Defendants knew, or in the exercise of reasonable care should have known, that the Water Heater and Mixing Valve were defective and dangerous products, unsafe for the purpose and use for which each was intended, and likely to cause injury to persons.

(d)     Whether the acts and omissions of Defendants' were the cause-in-fact and proximate cause of Ms. Rodriguez' injuries and/or shared in the liability for the harm she suffered.

(e)     Whether Defendants are jointly and severally liable for the injuries, and damages that Ms. Rodriguez suffered.

(f)     Whether Res-Care is entitled to indemnity and/or contribution from Defendants toward the amounts it was required to pay to resolve the Underlying Action, based on principles of comparative equitable indemnity and comparative fault

(g)     Whether the acts and/or omissions of RCCA Services and/or Res-Care of California, its' agents or employees, constituted a supervening, intervening cause of Ms. Rodriguez' injuries.

(h)     Whether the acts and/or omissions of Res-Care, its' agents or employees, was the cause in fact and proximate cause of Ms. Rodriguez' injuries.

(i)     Whether Res-Care's settlement with plaintiff in the underlying action was reasonable and not voluntary.

- 3 -

1                (j)      Whether the Defendants herein are jointly and severally liable with

2 Res-Care for the injuries and damages to Ms. Rodriguez.

3                (k)      Whether Res-Care violated the California Elder Abuse Act.

4                (l)      Whether Res-Care is entitled to contribution or indemnity for acts

5 that may violate the California Elder Abuse Act.

6     **4.**    **Motions:**

7          **Plaintiff's Position:**  Plaintiff anticipates filing a motion to compel Roto

8 Rooter and Leonard Valve to participate in good faith in a settlement conference and for

9 monetary sanctions in the near future.

10          **Defendants' Position:**  Roto Rooter anticipates filing a FRCP Rule

11 12(b)(6) motion and/or a FRCP Rule 56 motion for summary judgment.

12          Leonard Valve anticipates filing a FRCP Rule 12(b)(6) motion and/or FRCP

13 Rule 56 motion for summary judgment.

14          Bradford White anticipates filing a FRCP Rule 12(b)(6) motion and/or

15 FRCP Rule 56 motion for summary judgment.

16     **5.**    **Amendment of Pleadings:**

17          None are anticipated at this time.

18     **6.**    **Evidence Preservation:**

19          The parties have met and conferred and confirmed the preservation of all

20 electronic and other evidence.

21     **7.**    **Disclosures:**

22          The parties have completed the exchange of all Initial Disclosures.

23     **8.**    **Discovery:**

24          Substantial discovery was conducted in the Underlying Action.  This time

25 includes time spent propounding and responding to written discovery, document

26 production, and depositions, including expert depositions.  The Northern District of

27 California has held that deposition testimony and discovery responses from a prior state

28 court action, unless inadmissible for another reason, are admissible in a Federal court

- 4 -

1   action. *See e.g. Erdmann v. Tranquility Inc.*, 155 F. Supp. 2d 1152, 1155 (N.D. 2001).

2   The parties have met and conferred and determined that, at this time, the only further

3   discovery needed at this time is limited expert witness discovery.  All parties reserve

4   their right to conduct additional discovery upon the discovery of new facts or issues

5           **Defendants' Position:**  Defendants presently intend to conduct the

6   following discovery:  Written discovery to Res-Care re: facts, contentions, circumstances,

7   and documents regarding the settlement of the Underlying Action; Deposition of Res-

8   Care personnel re: facts, contentions and circumstances regarding the settlement of the

9   Underlying Action; depositions and/or subpoenas duces tecum of third parties

10   concerning the facts, contentions, circumstances and documents regarding the

11   settlement of the Underlying Action.

12   **9.**    **Class Actions:**

13           Not applicable.

14   **10.**    **Related Cases:**

15           *Conservatorship of the Person and Estate of Theresa Rodriguez v. Res-*

16   *Care, Inc., et al.*, San Mateo County Superior Court, Case No. 114740.  This matter has

17   settled with the only remaining issue before the state court being Leonard Valve's

18   petition for attorneys' fees and costs and Res-Care's Motion to Strike same.

19   **11.**    **Relief Sought:**

20           Plaintiff seeks the following relief:

21           (a)    All costs, damages, attorneys' fees, interest or any other remedies

22   or expenses incurred in the Underlying Action and Rodriguez Settlement.

23           (b)    For a declaration that Defendants are liable to Res-Care for

24   indemnity and contribution for all costs, damages, attorneys' fees, interest or any other

25   remedies or expenses incurred in the Underlying Action and Rodriguez Settlement.

26   **12.**    **Settlement and ADR:**

27           **Plaintiff's Position:**  The parties attended a mediation with retired Judge

28   Edward Infante on February 22, 2009.  That mediation was not successful.  With the

- 5 -

1  assistance of Judge Infante, Plaintiff is still negotiating a settlement with Bradford White,

2  and hopes to reach an agreement in the near future.  Plaintiff is not hopeful that, unless

3  ordered by this Court, Defendants Leonard Valve and Roto-Rooter will participate in a

4  further mediation or settlement conference.

5        **Defendants' Response:**  Defendants Roto Rooter and Leonard Valve

6  both contend that the demands to settle made by Res-Care are not supported by the

7  facts or the law and that at this time, further settlement efforts would not be productive.

8      **13.**    **Consent to Magistrate Judge for All Purposes:**

9        The parties consent to have a Magistrate Judge conduct all further

10  proceedings.

11      **14.**    **Narrowing of Issues:**

12        The have met and conferred regarding the narrowing of issues and have

13  narrowed the issues to those set forth in  Section 3 above.

14      **15.**    **Scheduling:**

15        The parties propose the following trial schedule:

16        Discovery Cutoff:                   July 1, 2010

17        Expert Designation Deadline:        August 1, 2010

18        Deadline to Hear Dispositive Motions:   September 17, 2010

19        Expert Discovery Cutoff:          September 30, 2010

20        Pre-Trial Conference:            October 18, 2010

21        Trial Date:                     November 8, 2010

22      **16.**    **Trial:**

23        Plaintiff anticipates that this case will be resolved by way of a 8-10 day

24  bench trial.  Defendants will not stipulate to a bench trial and anticipate that this case will

25  be resolved by way of a 12-14 day jury trial.

26      **17.**    **Disclosure of Non-party Interested Entities or Persons:**

27        The Parties have filed Disclosure Statements pursuant to FRCP Rule 7.1

28  and a Certification of Interested Entities or Persons with their first appearance.

- 6 -

18. **Such Other Matters As May Facilitate The Just, Speedy And Inexpensive Disposition Of This Matter:**

Plaintiff contends that ordering Defendants to appear and participate in good faith at a mandatory settlement conference would facilitate the just, speedy and inexpensive disposition of this matter.

Defendants contend that, at this time, further formal settlement efforts would not be productive given the state of the facts and the law and the need for further investigation and discovery.

DATED:  March ⅃7, 2010                HANSON BRIDGETT LLP

By: _____
JAMES A. NAPOLI
AMELIA MIAZAD
Attorneys for Plaintiff
RES-CARE, INC.

DATED:  March ___, 2010                SIMONCINI & ASSOCIATES

By: _____
KENNETH SIMONCINI
KERRI A. JOHNSON
Attorneys for Defendants
ROTO-ROOTER SERVICES COMPANY
AND ROTO-ROOTER CORPORATION

DATED:  March ___, 2010                CREMER, SPINA, SHAUGHNESSY,
JANSEN & SIEGERT, LLC

By: _____
WILLIAM CREMER
THOMAS PENDER
Attorneys for Defendant
LEONARD VALVE COMPANY

DATED:  March ___, 2010                CANNATA, CHING & O'TOOLE LLP

By: _____
JOSEPH C. WRIGHT
Attorneys for Defendant
BRADFORD WHITE CORPORATION

- 7 -

18. **Such Other Matters As May Facilitate The Just, Speedy And Inexpensive Disposition Of This Matter:**

Plaintiff contends that ordering Defendants to appear and participate in good faith at a mandatory settlement conference would facilitate the just, speedy and inexpensive disposition of this matter.

Defendants contend that, at this time, further formal settlement efforts would not be productive given the state of the facts and the law and the need for further investigation and discovery.

DATED:  March ___, 2010                          HANSON BRIDGETT LLP

By:_____
JAMES A. NAPOLI
AMELIA MIAZAD
Attorneys for Plaintiff
RES-CARE, INC.

DATED:  March 17, 2010                          SIMONCINI & ASSOCIATES

By:_____
KENNETH SIMONCINI
KERRI A. JOHNSON
Attorneys for Defendants
ROTO-ROOTER SERVICES COMPANY
AND ROTO-ROOTER CORPORATION

DATED:  March ___, 2010                          CREMER, SPINA, SHAUGHNESSY,
JANSEN & SIEGERT, LLC

By:_____
WILLIAM CREMER
THOMAS PENDER
Attorneys for Defendant
LEONARD VALVE COMPANY

DATED:  March ___, 2010                          CANNATA, CHING & O'TOOLE LLP

By:_____
JOSEPH C. WRIGHT
Attorneys for Defendant
BRADFORD WHITE CORPORATION

- 7 -

18.   **Such Other Matters As May Facilitate The Just, Speedy And Inexpensive Disposition Of This Matter:**

Plaintiff contends that ordering Defendants to appear and participate in good faith at a mandatory settlement conference would facilitate the just, speedy and inexpensive disposition of this matter.

Defendants contend that, at this time, further formal settlement efforts would not be productive given the state of the facts and the law and the need for further investigation and discovery.

DATED: March ___, 2010                    HANSON BRIDGETT LLP

By:_____
     JAMES A. NAPOLI
     AMELIA MIAZAD
     Attorneys for Plaintiff
     RES-CARE, INC.

DATED: March ___, 2010                    SIMONCINI & ASSOCIATES

By:_____
     KENNETH SIMONCINI
     KERRI A. JOHNSON
     Attorneys for Defendants
     ROTO-ROOTER SERVICES COMPANY
     AND ROTO-ROOTER CORPORATION

DATED: March ___, 2010                    CREMER, SPINA, SHAUGHNESSY,
                                          JANSEN & SIEGERT, LLC

By:_____
     WILLIAM CREMER
     THOMAS PENDER
     Attorneys for Defendant
     LEONARD VALVE COMPANY

DATED: March ___, 2010                    CANNATA, CHING & O'TOOLE LLP

By:_____
     JOSEPH C. WRIGHT
     Attorneys for Defendant
     BRADFORD WHITE CORPORATION

- 7 -

18. **Such Other Matters As May Facilitate The Just, Speedy And Inexpensive Disposition Of This Matter:**

Plaintiff contends that ordering Defendants to appear and participate in good faith at a mandatory settlement conference would facilitate the just, speedy and inexpensive disposition of this matter.

Defendants contend that, at this time, further formal settlement efforts would not be productive given the state of the facts and the law and the need for further investigation and discovery.

DATED:  March ___, 2010                    HANSON BRIDGETT LLP

By:_____
JAMES A. NAPOLI
AMELIA MIAZAD
Attorneys for Plaintiff
RES-CARE, INC.

DATED:  March ___, 2010                    SIMONCINI & ASSOCIATES

By:_____
KENNETH SIMONCINI
KERRI A. JOHNSON
Attorneys for Defendants
ROTO-ROOTER SERVICES COMPANY
AND ROTO-ROOTER CORPORATION

DATED:  March ___, 2010                    CREMER, SPINA, SHAUGHNESSY,
JANSEN & SIEGERT, LLC

By:_____
WILLIAM CREMER
THOMAS PENDER
Attorneys for Defendant
LEONARD VALVE COMPANY

DATED:  March 17, 2010                    CANNATA, CHING & O'TOOLE LLP

By:_____
JOSEPH C. WRIGHT
Attorneys for Defendant
BRADFORD WHITE CORPORATION

- 7 -