IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RES-CARE INC., | No. C-09-03856 EDL |
| Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO EXCLUDE DEFENDANT ROTO-ROOTER'S EXPERTS** |
| v. | |
| ROTO-ROOTER SERVICES COMPANY, et al., | |
| Defendants. | |

On August 21, 2009, Plaintiff Res-Care filed an action against Defendants Roto-Rooter Services Company, Roto-Rooter Corporation (collectively, "Roto-Rooter"), Bradford-White Corporation, and Leonard Valve Company for indemnity and contribution regarding a monetary settlement that Plaintiff had previously paid to Theresa Rodriguez for scald injuries. On August 30, 2010, Plaintiff filed this motion to exclude all four of Roto-Rooter's experts, arguing that Roto-Rooter did not timely disclose their experts or timely provide written expert reports as required by Federal Rule of Civil Procedure 26(a)(2). Further, Plaintiff argues that Roto-Rooter has attempted to improperly use the rebuttal expert submission procedure in order to re-submit three of their original four experts. Plaintiff requests an order prohibiting Roto-Rooter from using their four experts for any purpose. Roto-Rooter filed an opposition arguing that their untimely disclosure of experts was harmless and non-prejudicial. Plaintiff filed a reply. A hearing on this motion was held on October 5, 2010.

For the reasons stated below and at the hearing on October 5, 2010, Plaintiff's motion to exclude Roto-Rooter's experts is granted in part and denied in part. Roto-Rooter's expert Kathryn L. Locatell is excluded as an expert witness. Roto-Rooter's experts Stephen M. Werner, Mark C. Hunter, and Michael Brones are not excluded as expert witnesses.

## I. BACKGROUND

On December 1, 2009, this Court issued a Case Management and Pretrial Order for Jury Trial requiring all parties to serve initial expert disclosures by August 2, 2010, and rebuttal expert disclosures, if any, by August 16, 2010. It is undisputed that Roto-Rooter served their initial expert disclosures to Plaintiff one day late, "after the close of business on August 3, 2010." Pl.'s Mot. at 1. In this August 3rd disclosure, Roto-Rooter named four experts they intended to use at trial: Stephen M. Werner, Mark C. Hunter, Michael Brones and Kathryn L. Locatell. Id. It is also undisputed that Roto-Rooter did not include expert reports in their August 3rd disclosure, but included deposition transcripts for Werner, Hunter, and Brones. Id. at 2, 4.

On August 16, 2010, the deadline for disclosing rebuttal experts, Roto-Rooter disclosed Werner, Hunter, and Brones as rebuttal witnesses, and included expert reports from all three. Pl.'s Mot. at 2. Locatell was not disclosed as a rebuttal expert, and no report from her has ever been served. Id. at 4.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 26 requires parties to disclose the identity of their expert witnesses and to include a written report. Fed. R. Civ. P. 26(a)(2)(A)-(B). The expert witnesses must be disclosed in accordance with the deadlines ordered by the court. Fed. R. Civ. P. 26(a)(2)(C). The written report must include:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
> (ii) the facts or data considered by the witness in forming them;
> (iii) any exhibits that will be used to summarize or support them;
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B)(i)-(vi). Rebuttal experts are those "intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) . . . ." Fed. R. Civ. P. 26(a)(2)(C)(ii).

Failure to disclose an expert witness or provide the required information results in exclusion of the expert witness "unless the failure was substantially justified or is

2

1  harmless." Fed. R. Civ. P. 37(c)(1). The burden of proving an excuse is on the party

2  facing sanctions. See Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1107

3  (9th Cir. 2001) ("Implicit in Rule 37(c)(1) is that the burden is on the party facing

4  sanctions to prove harmlessness"). The Court has discretion in issuing such sanctions. Id.

5  at 1106 ("Furthermore, although we review every discovery sanction for an abuse of

6  discretion, we give particularly wide latitude to the district court's discretion to issue

7  sanctions under Rule 37(c)(1).").

## III. DISCUSSION

9  The Court-ordered deadline for disclosing expert witnesses was August 2, 2010.

10 Roto-Rooter concedes that they failed to timely disclose, as a "result of a calendaring

11 mistake." Defs.' Opp. at 3-4. Roto-Rooter also concedes that their August 3, 2010

12 disclosure did not include expert reports, although they did include signed expert

13 deposition transcripts from 2007. Id. at 4. On August 16, the rebuttal disclosure deadline,

14 Roto-Rooter served three of the four required expert reports. Since it is uncontested that

15 Roto-Rooter failed to timely satisfy the requirements of Rule 26, the question is whether

16 Roto-Rooter can show substantial justification or harmlessness for their error. Fed. R. Civ.

17 P. 37(c)(1).

### A. Roto-Rooter has failed to demonstrate substantial justification

19 Confusion over deadlines or a timing mistake do not qualify as a substantial

20 justification. See North Star Mut. Ins. Co. v. Zurich Ins. Co., 269 F. Supp. 2d 1140, 1145

21 (D. Minn. 2003) ("[W]e find that North Star's failure to disclose Rongstad's opinion was

22 not substantially justified, as the only cause offered by North Star is its assertion that it

23 confused the pretrial deadlines in this case . . ."); Engleson v. Little Falls Area Chamber of

24 Commerce, 210 F.R.D. 667, 679-70, 672 (D. Minn. 2002) (holding there was no

25 substantial justification for the late disclosure of plaintiff's expert and later noting that the

26 plaintiff "offered no reason, apart from her own dereliction, for the delay in disclosing . . .

27 [her] expert"). In their opposition, Roto-Rooter does not address substantial justification.

28 The cases cited above do not provide any basis for Roto-Rooter to claim substantial

3

justification on the basis of their calendaring mistake.  Since the burden is on Roto-Rooter to prove substantial justification, and they have not done so here, the Court finds that Roto-Rooter's failure to timely disclose was not substantially justified.

### B. Roto-Rooter's failure to timely disclose was harmless as to experts Werner, Hunter, and Brones

In determining whether a discovery violation was "harmless," the court looks to whether the non-violating party would be prejudiced by allowing the discovery into the case, despite the violation.  Oracle USA, Inc. v. SAP AG, 264 F.R.D. 541, 557 (N.D. Cal. 2009) ("Moreover, Plaintiffs' failure was not harmless because Defendants would suffer prejudice if Plaintiffs were allowed to proceed on their new damages claims . . . and the cost of the additional analysis would be exorbitant"); Fitz, Inc. v. Ralph Wilson Plastics Co., 184 F.R.D. 532, 536 (D.N.J. 1999) ("Failure to comply with Rule 26 regarding expert witnesses is only harmless when there is no prejudice to the party entitled to disclosure") (internal quotations and citations omitted).

The Ninth Circuit held that district courts have discretion "to allow expert testimony in appropriate circumstances," even when Rule 26 is violated. The four factors for courts to consider in evaluating harmlessness and justification are: "(1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence." Lanard Toys, Ltd. v. Novelty, Inc., 375 Fed. Appx. 705, 713 (9th Cir. Cal. Apr. 13, 2010) (holding that the district court did not abuse its discretion in allowing plaintiff's expert to testify, even though plaintiff did not serve a timely, complete expert report, since the violation was non-prejudicial).

#### 1. Factor one:  prejudice or surprise to the party against whom the evidence is offered

Plaintiff argues that Roto-Rooter's failure to comply with discovery rules has harmed Plaintiff, focusing on the harm from the lack of written reports in the August 3rd disclosure.  Pl.'s Mot. at 4.  Plaintiff asserts that Roto-Rooter's August 3rd disclosure included only "dated curricula vitae, copies of some documents allegedly reviewed, and

4

deposition transcripts for three of the four named experts," with "no information whatsoever" regarding Locatell. Id.  Plaintiff argues that the lack of written reports is prejudicial since such reports help the opposing party in preparing for depositions and trial examinations, as well as preparing for the disclosure of their own rebuttal experts. Id. Therefore, Plaintiff argues it has been "unable to properly prepare its case" or "adequately prepar[e] to rebut or examine those experts' unknown opinions." Id.; Finwall v. City of Chicago, 239 F.R.D. 494, 497, 501 (N.D. Ill. 2006).

Roto-Rooter argues that the intent behind the disclosure rule "is to provide all parties with information regarding the experts and the opinions those experts will be testifying to at trial in order for the parties to determine whether the depositions of those experts will be taken or whether additional experts should be retained," citing Reese v. Herbert, 527 F.3d 1253 (11th Cir. 2008).  Defs.' Opp. at 2.  Roto-Rooter asserts that this intent has been satisfied since Plaintiff has already deposed Roto-Rooter's experts. Defs.' Opp. at 2.

While Roto-Rooter failed to timely disclose their experts, a one-day delay in disclosure did not cause unfair surprise or prejudice to Plaintiff.  Roto-Rooter disclosed the same experts that were used in the underlying action, along with three deposition transcripts.  Although as a general matter, disclosure of deposition transcripts is not a substitute for disclosure of expert reports, this case presents a somewhat unusual situation in which three of the four proposed experts have already been deposed in the underlying action, so their opinions were not unknown to Plaintiff.

**2. Factor two: the ability of the party offering the evidence to cure the prejudice**

Plaintiff argues that Roto-Rooter's provision of the 2007 deposition transcripts on August 3rd was inadequate. Ward v. City of S. Lake Tahoe, 2007 U.S. Dist. LEXIS 60000 *4 (E.D. Cal. Aug. 7, 2007) ("Further, deposition testimony is not a substitute for the provision of expert reports under Rule 26(a)(2)(B) . . ."). The court in Ward noted that reviewing depositions in the place of expert reports was "time consuming" and "cumbersome." Id. at *5.  The present case is distinguishable from Ward.  In Ward, expert

5

1  reports were apparently never provided, forcing the defendant to rely on depositions alone.
2  Id. at *3.  Here, Roto-Rooter has cured their lack of expert reports for three of their four
3  experts by serving three expert reports on August, 16, 2010.  Therefore, Plaintiff will not
4  be forced to rely on the 2007 depositions for Werner, Hunter, and Brones in the place of
5  reports, but rather can use the expert reports provided by Roto-Rooter on August 16, 2010
6  to prepare for depositions and trial.  However, Roto-Rooter has made no attempt to cure
7  the lack of an expert report for Locatell.

8  Plaintiff, however, asserts that the three expert reports delivered August 16th are
9  deficient for the following reasons: (1) the reports by Werner and Hunter "lack a statement
10 of compensation;" (2) the report by Brones includes "some of his opinions," but does not
11 "contain any exhibits that will be used to summarize or support Dr. Brones' opinions, a list
12 of publications authored in the last 10 years, a list of all other case [sic] in which Dr.
13 Brones has testified as an expert in the previous 4 years, or a statement of compensation;"
14 and (3) Brones "states that he 'intend[s] to conduct additional work' and apparently form
15 more opinions, demonstrating that the declaration does not contain a 'complete statement
16 of all opinions' he will express."  Pl.'s Mot. at 5; see R.C. Olmstead, Inc. v. CU Interface,
17 LLC, 657 F. Supp. 2d 905, 909-10 (N.D. Ohio 2008) ("Rule 26(a)(2)(B)(i) does not allow
18 an expert to list only some of his reasons for a conclusion and then incorporate the
19 remainder through an unrevealing catchall phrase-the report must contain a 'complete
20 statement' of those bases and reasons").

21 Although the omission of compensation statements for Werner, Hunter and Brones
22 and omission of some lists and exhibits in the Brones report are minor, the failure of
23 Brones to disclose all of his opinions in his late-filed expert report is prejudicial to
24 Plaintiff.  Accordingly, Roto-Rooter shall supplement the Werner and Hunter reports with
25 compensation statements and the Brones report with exhibits supporting Brones' opinions,
26 a list of publications authored within the last ten years, a list of all other cases in which
27 Brones had testified as an expert within the previous four years, and a statement of
28 compensation no later than October 29, 2010.  Although the Court declines to strike the

6

Brones report for failure to comply with Federal Rule of Civil Procedure 26(a)(2)(C)(i), Brones is precluded from adding any further opinions or relying on any additional work for his opinions at trial.

### 3.  Factor three: the likelihood of disruption of the trial

Roto-Rooter's delay in disclosure and in serving timely reports poses little, if any, disruption to the trial date of November 29, 2010.  The original deadline for expert discovery was September 30, 2010.  The Court has already ordered the expert discovery deadline extended to October 15, 2010 for the purpose of deposing Roto-Rooter's experts, due to Plaintiff's motion to exclude.

### 4.  Factor four: bad faith or willfulness involved

Roto-Rooter argues that their failure to disclose experts on the August 2, 2010 deadline "was not a result of bad faith or willfulness," and they did not miss the deadline in order to "avoid disclosing [their] experts of the opinions their experts intend to testify too," as evidenced by their immediate service of disclosure after realizing their mistake.  Defs.' Opp. at 7.  Plaintiff suggests that a lack of bad faith is not apparent here, noting that while Roto-Rooter served their disclosure immediately upon learning of their mistake on August 3rd, the expert reports were not served until August 16th as part of the rebuttal, and they included three of the original four experts.  Pl.'s Rep. at 8.  However, the Court is not persuaded that the two-week delay in providing expert reports shows bad faith, especially in light of Roto-Rooter's calendaring mistake that led them to believe that expert reports were not due until August 31, 2010.  Ompoc Decl. ¶ 7.

On balance, the factors weigh in favor of a finding that Roto-Rooter's delay in disclosure and in providing expert reports was harmless as to experts Werner, Hunter, and Brones.  Roto-Rooter has not cured the defect in disclosure as to Locatell, and therefore the delay in disclosing her was not harmless.  In addition, Roto-Rooter's delay caused at least some prejudice to Plaintiff because Plaintiff must conduct expert depositions at a later stage in this case.  Thus, Plaintiff's motion to exclude experts is granted with respect to Locatell and denied with respect to Werner, Hunter, and Brones.  Further, to the extent that

7

Plaintiff has been unable to complete Roto-Rooter's experts' depositions by the previously extended deadline, the Court extends the deadline for taking Roto-Rooter's experts' depositions to October 29, 2010. Roto-Rooter shall pay Plaintiff's costs for deposing these three experts, including Plaintiff's attorney's fees.

**IT IS SO ORDERED.**

Dated: October 18, 2010

　　　　　　　　　　　　　　　　　　　　　　　　　ELIZABETH D. LAPORTE
　　　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge