IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RES-CARE INC., | No. C-09-03856 EDL |
| Plaintiff, | **ORDER REGARDING OBJECTIONS** |
| v. | |
| ROTO-ROOTER SERVICES COMPANY, | |
| Defendant. | |

On October 1, 2010, the Court issued an order denying Defendant Roto-Rooter's Motion for Summary Judgment and denying Defendant Leonard Valve's Motion for Summary Judgment. On October 28, 2010, the Court issued its Opinion and Order regarding Defendants' Motions for Summary Judgment. This Order resolves the parties' objections to evidence that was submitted in connection with the Motions for Summary Judgment.

**Plaintiff's objections to Defendant Roto-Rooter's evidence**

**Exhibit B to the Declaration of Angela Ompoc:** Plaintiff objects to Exhibit B, which is the report by the Department of Health Services regarding the incident at the McGarvey House. Roto-Rooter argues that it is inadmissible hearsay, but the report is subject to an exception to the hearsay rule for public records. See Fed. R. Evid. 803(8). Roto-Rooter's objections to Exhibit B (objections to ¶¶ 4, 20-22, 24, 28-30, 34 and 35) are overruled.

**Ompoc Declaration, ¶ 2:** Plaintiff also objects to paragraph 2 of the Ompoc declaration as lacking personal knowledge. Paragraph 2 states: "I have knowledge of the facts stated herein and if called upon to testify concerning same could competently do so." This paragraph is not evidence for which Ompoc would lack knowledge. The objection is overruled.

**Ompoc Declaration, ¶¶ 6-8, 11, 13, 16, 19, 23, 31:** These paragraphs cite deposition

1  testimony contained in exhibits to the Ompoc declaration. But it appears that Plaintiff's objection
2  goes to Roto-Rooter's characterization of the deposition testimony that Ompoc cites rather than the
3  deposition testimony itself. For example, paragraph 6 states: "Roto-Rooter's service technician,
4  Kevin Campbell, who had been a service tech for nearly 10 years, replaced the existing 50 gallon
5  residential water heater with a Bradford White water heater, which was a similar make and model. . .
6  ." Plaintiff objects that this paragraph lacks foundation and is argumentative because it does not
7  establish that Campbell replaced the water heater with a "similar make and model," but that he
8  replaced a 50 gallon water heater with a 50 gallon Bradford White water heater. These objections
9  are overruled because they go to the weight of the evidence not its admissibility.

10  **Ompoc Declaration, ¶¶ 42 and 44:** These paragraphs cite the settlement agreement from
11  the state court action. Plaintiff objects on the grounds that these paragraphs lack foundation and are
12  argumentative to the extent that the paragraphs give Roto-Rooter's characterization of what the
13  settlement did or did not say. The objections are overruled.

14  **Defendant Roto-Rooter's objections to Plaintiff's evidence**

15  **Napoli Declaration, ¶ 3 and Exhibit A:** Paragraph 3 and Exhibit A of the Napoli
16  declaration purport to show a copy of a photograph of the McGarvey House that was taken at the
17  site inspection on July 27, 2005. Roto-Rooter objects that the declaration attempts to authenticate
18  the photo without setting forth foundational facts. To the extent that the Napoli declaration seeks to
19  authenticate the photograph, the objection is sustained.

20  **Ferguson Declaration, ¶ 5:** Paragraph 5 states that Exhibit C is a true and correct copy of
21  Roto-Rooter's webpage on July 23, 2007. Roto-Rooter objects that the webpage material is
22  inadmissible hearsay and not properly authenticated. To the extent that the webpage is offered for
23  the purpose of showing that certain statements were made on the website, not that the statements are
24  true, the webpage is not inadmissible hearsay. The webpage is authenticated because counsel states
25  that it was located on a certain date from a certain URL. Roto-Rooter also objects that the webpage
26  is irrelevant because it is dated 2007, three years after the incident, but that objection goes to the
27  weight rather than its admissibility. The objections are overruled.

28  **Ferguson Declaration, ¶ 6:** Paragraph 6 states that Exhibit D is a true and correct copy of

Roto-Rooter's Rule 30(b)(6) deposition. The objection is overruled.

**Ferguson Declaration, ¶ 8:** Paragraph 8 states that Exhibit F is a true and correct copy of invoices from Roto-Rooter to McGarvey House. Roto-Rooter objects that this paragraph is misleading because there is only one invoice from an unrelated service call. Roto-Rooter's objection goes to weight of the evidence, not its admissibility. The objection is overruled.

**Ferguson Declaration, ¶ 10:** Paragraph 10 states that Exhibit H is a true and correct copy of the Bradford White instruction manual. Roto-Rooter objects that Exhibit H is not a complete copy. Plaintiff subsequently filed a complete copy of the manual. Thus, the objection is overruled as moot.       **Ferguson Declaration, ¶ 11:** Paragraph 11 states that Exhibit I is a true and correct copy of the Wilcox deposition. Roto-Rooter objects that the deposition contains improper expert testimony and that no foundation has been laid as to his experience or expertise. However, Wilcox is Leonard Valve's president, and therefore is qualified to testify about Leonard Valve's industry and products. This objection is overruled. Roto-Rooter also argues that the Wilcox deposition is irrelevant, but the deposition addresses the litigation at issue and Wilcox is Leonard Valve's president. Thus, the objection is overruled.

**Ferguson Declaration, ¶ 12:** Paragraph 12 states that Exhibit J is a true and correct copy of the 2001 California Plumbing Code. Roto-Rooter objects that there is a lack of foundation for admitting the code as evidence. The Plumbing Code, however, could be subject to judicial notice. Thus, the objection is overruled.

**Ferguson Declaration, ¶ 13:** Paragraph 13 states that Exhibit K is a true and correct copy of the Weider deposition. Roto-Rooter objects that the deposition is irrelevant, lacks foundation and is prejudicial. Weider is a Roto-Rooter plumbing technician who noticed that the mixing valve at the McGarvey House was corroded and was not working. His testimony is not irrelevant. The testimony is not prejudicial, and even if it is, its probative value outweighs any prejudice. The deposition testimony does not lack foundation to the extent that Weider testified about what he observed when he fixed the mixing valve. Roto-Rooter also objects that the deposition constitutes subsequent remedial measures under Federal Rule of Evidence 407, but that rule permits evidence of subsequent remedial measures for some purposes. The objections are overruled.

3

**Ferguson Declaration, ¶ 14:** Paragraph 14 states that Exhibit L is a true and correct copy of the expert declaration of John Giacoma. Roto-Rooter objects that Giacoma is not qualified as an expert. The Court did not rely on Giacoma's declaration in ruling on summary judgment, and so declines to rule on Roto-Rooter's objections.

**Ferguson Declaration, ¶ 15:** Paragraph 15 states that Exhibit M is a true and correct copy of the declaration of Faye Richens, Plaintiff's administrator. Roto-Rooter objects that paragraph 4 of the declaration is inadmissible hearsay, to the extent that it states that Frederick Porche from the McGarvey House contacted Roto-Rooter several times regarding the fluctuating temperatures. That paragraph, however, is not hearsay insofar as it is offered for some purpose other than for the truth.

**Ferguson Declaration, ¶ 16:** Paragraph 16 states that Exhibit N is a true and correct copy of the Permits and Building Plans approved by Redwood City. Roto-Rooter objects that Ferguson lacks personal knowledge to authenticate the documents, and that the document is inadmissible hearsay. The Court did not rely on this evidence and therefore, declines to rule on Roto-Rooter's objections.

**Giacoma Declaration:** Roto-Rooter objects to the entire Giacoma declaration on the grounds that it does not meet the requirements for expert testimony. Roto-Rooter further objects to specific portions of the declaration. As noted above, the Court did not rely on the Giacoma declaration in ruling on summary judgment, and so declines to rule on these objections.

**Wolf Declaration, entire declaration:** Roto-Rooter objects to the entire Wolf declaration on the grounds that it lacks personal knowledge. However, Wolf's opinions are based on documents from this case, so the objection is overruled.

**Wolf Declaration, ¶ 8:3-7:** This paragraph states that Roto-Rooter did not meet the standard of care in installing the water heater, in part because Campbell had no training regarding mixing valves. Roto-Rooter objects that this paragraph lacks foundation, but because this paragraph merely states Wolf's opinion, which is based on documents from this case, the objection is overruled.

**Wolf Declaration, ¶ 8:9-10:** This paragraph states that Campbell failed to provide proper instruction to the McGarvey House about the operation of the water heater. Roto-Rooter objects that

4

this paragraph lacks foundation, but because this paragraph merely states Wolf's opinion, which is based on documents from this case, the objection is overruled.

**Wolf Declaration, ¶ 8:10-11:** This paragraph states that Campbell's installation of the water heater was incomplete. Roto-Rooter objects that this paragraph lacks foundation, but because this paragraph merely states Wolf's opinion, which is based on documents from this case, the objection is overruled.

**Wolf Declaration, ¶ 8:12-14:** This paragraph states Wolf's opinion that the water flowing from the water heater to the McGarvey House was at an unsafe temperature. Roto-Rooter objects that this paragraph lacks foundation, but because this paragraph merely states Wolf's opinion, which is based on documents from this case, the objection is overruled.

**Kornblum Declaration, entire declaration:** Roto-Rooter objects to the entire declaration on the ground that it does not meet the personal knowledge requirement. Kornblum opined that the settlement was reasonable. He based his opinion on documents from this case, so the lack of personal knowledge objection is overruled.

Roto-Rooter also objects that the declaration is improper expert testimony because the opinion goes to the ultimate issue, that is, the reasonableness of the settlement. The Court, however, did not rely on the Kornblum declaration for the resolution of any ultimate fact. Thus, the Court declines to rule on this objection.

**George Declaration, entire declaration:** Roto-Rooter objects to the entire declaration on the ground that it does not meet the personal knowledge requirement. George opined that the Roto-Rooter employees were not properly trained and did not adequately assess the situation at the McGarvey House, which led to the injury. He based his opinion on documents from this case, so the lack of personal knowledge objection is overruled.

**George Declaration, ¶ 7:7-8:** This paragraph states that the failures of Roto-Rooter resulted in the dangerous surges of hot water at the residence. Roto-Rooter objects that this paragraph lacks foundation, but because this paragraph merely states George's opinion, which is based on documents from this case, the objection is overruled.

**Natarajan Declaration, entire declaration:** Roto-Rooter objects to this entire declaration

on the grounds that it does not meet the requirements for expert witness opinion testimony pursuant to Federal Rule of Evidence 702. The Court notes that Natarajan states that he has been a licensed medical doctor since 1993, and is board certified in Forensic Pathology, Anatomic Pathology and Clinical Pathology who is qualified to review, analyze, and offer informed medical opinions based on medical records and other relevant documents and information pertaining to individuals who have suffered thermal injuries. Natarajan Decl. ¶ 1. Natarajan has submitted an expert report in this case. Roto-Rooter, however, fails to point to specific deficiencies in Natarajan's declaration, which essentially sets forth Natarajan's opinions in this case. The objection is overruled.

Roto-Rooter also objects to the entire declaration for lack of personal knowledge. This objection is also overruled.

**Natarajan Declaration ¶ 6:19-2:** This paragraph states that the main factor that led to Ms. Rodriguez's burns was the initial thermal insult from the elevated water temperature for a duration of time, but not more than a few minutes. Roto-Rooter objects that this lacks foundation, but this is Natarajian's opinion based on documents in this case. Thus, the objection is overruled.

**Plaintiff's objections to Leonard Valve's evidence**

**Pender Declaration, ¶¶ 15, 16:** Paragraph 15 states: "Attached as Exhibit M is a true and correct copy of the Leonard Valve Maintenance Guide for the Model 110 valve at issue in this litigation." Paragraph 16 states: "Attached as Exhibit N is a true and correct copy of the photograph depicting the Leonard Valve Warning tag that was attached to the subject Model 110 valve at issue in this litigation." Plaintiff objects that Pender, Leonard Valve's counsel, lacks personal knowledge and that the paragraphs lack foundation. The objections are overruled.

**IT IS SO ORDERED.**

Dated: October 28, 2010

ELIZABETH D. LAPORTE
United States Magistrate Judge