IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RES-CARE INC., | No. C-09-03856 EDL |
| Plaintiff, | **ORDER REGARDING REDACTIONS TO EVIDENCE** |
| v. | |
| ROTO-ROOTER SERVICES COMPANY, | |
| Defendant. | |

At the December 7, 2010 pretrial conference, the Court denied Plaintiff's Motions in Limine 1, 3, 6 and 12, but instructed the parties to meet and confer regarding appropriate redactions to the documents at issue. While the parties agreed to a few redactions, they were unable to agree on the vast majority. On January 13, 2011, Plaintiff submitted its proposed redactions. On January 18, 2011, Defendants Leonard Valve and Roto-Rooter filed their Responses to Plaintiff's proposed redactions. On January 27, 2011, Plaintiff filed a response to Defendants' briefs.

The Court has carefully reviewed all of the submissions regarding the redactions, and issues the following rulings on the parties' proposed redactions. In addition, the parties have agreed to certain redactions as stated in their briefs on the proposed redactions, and those stipulated redactions are hereby adopted as if set forth in this Order.

**Motion in Limine #1: Department of Health Services investigations/reports - Exhibit A (DHS Investigation Report), B (Citation), and C (Statement of Deficiencies and Plan of Correction)**

1. *"On 05/05/04 at 10:45a.m., the facility's Administrator was notified via telephone to cease using the facility's hot water for the purpose of showering/bathing clients until further notice as per the instructions of the surveyor's supervisor."* Redaction of this sentence is

|   |   |   |
|---|---|---|
| 1 |    | appropriate because it constitutes a subsequent remedial measure pursuant to Federal Rule of |
| 2 |    | Evidence 407.  The Court need not reach any other arguments raised by the parties. |
| 3 | 2. | *"The Redwood City Police interview with Staff C, dated 05/05/04 (following Client A's* |
| 4 |    | *scalding incident), revealed that the facility's hot water temperature was 150 degrees* |
| 5 |    | *Fahrenheit."*   This sentence constitutes admissible hearsay pursuant to Federal Rule of |
| 6 |    | Evidence 803(8), and therefore redaction is not appropriate.  The Court need not reach any |
| 7 |    | other arguments raised by the parties. |
| 8 | 3. | *"The facility failed to provide a policy and procedure for maintaining a safe hot water* |
| 9 |    | *temperature." "The facility staff were unaware of a written shower/bath policy and* |
| 10 |    | *procedure. Descriptions of the showering procedure used to bathe facility Clients varied* |
| 11 |    | *among individual staff. The facility failed to have a shower/bath policy on site and eventually* |
| 12 |    | *provide a generic, undated policy  that had been forwarded from their central office."* |
| 13 |    | These sentences constitute admissible hearsay pursuant to Federal Rule of Evidence 803(8), |
| 14 |    | and therefore redaction is not appropriate.  The Court need not reach any other arguments |
| 15 |    | raised by the parties. |
| 16 | 4. | *"6.CONCLUSIONS(S): The facility failed to provide goods and services necessary to avoid* |
| 17 |    | *physical and psychological harm to Client A by failure to develop and/or implement a* |
| 18 |    | *written policy and procedure for the shower/bath of a client and maintenance of a safe hot* |
| 19 |    | *water temperature within the facility. Thus, the facility was in violation of W 149* |
| 20 |    | *483:420(d)(1). On 05/11/04 the findings were discussed with the facility's Administrator and* |
| 21 |    | *in intent to cite under W 149 483.420(d)(1) was issued."*   These sentences constitute |
| 22 |    | admissible hearsay pursuant to Federal Rule of Evidence 803(8), and therefore redaction is |
| 23 |    | not appropriate.  The Court need not reach any other arguments raised by the parties. |
| 24 | 5. | *References to W&I sections violated and recitation of California Welfare & Institutions* |
| 25 |    | *Code 4502(b)(d)9h)(i) on pages ROD 9-10.*  The actual language of the statute is excluded |
| 26 |    | under Federal Rule of Evidence 402 and 403, and shall be redacted.  The Court need not |
| 27 |    | reach any other arguments raised by the parties. |
| 28 | 6. | *"This regulation was not met as evidenced by: The facility failed to ensure that Client 1 was* |

1   *free from harm while showered on 05/05/04."*  The first part of this sentence ("This
2   regulation was not met as evidenced by") shall be redacted pursuant to Federal Rule of
3   Evidence 403.  Redaction of the remainder of the sentence is not appropriate based on
4   Federal Rule of Evidence 803(8).  The Court need not reach any other arguments raised by
5   the parties.

6   7.   *"The Direct Care Staff proceeded to shower Client 1 when they knew the water temperature*
7   *could not be controlled to stay within a safe temperature."*  This sentence constitutes an
8   admissible factual finding under Federal Rule of Evidence 803(8) and shall not be redacted.
9   See, e.g., In the Beech Aircraft v. Rainey, 488 U.S. 153, 169 (1988) (pointing out that one of
10  the main "safeguards" of Rule 803(8)(C) is "the trustworthiness provision [that] requires the
11  [district] court to make a determination as to whether the report, or any portion thereof, is
12  sufficiently trustworthy to be admitted."); Freitag v. Ayers, 468 F.3d 528, 541, n.5 (9th Cir.
13  2006) (stating that under Federal Rules of Evidence 803(6) and 803(8), the investigative
14  report in that case was "afforded a presumption of reliability and trustworthiness that the
15  defendants failed to rebut."); Gilbrook v. City of Westminster, 177 F.3d 839, 858 (9th
16  Cir.1999) ("A trial court may presume that public records are authentic and trustworthy. . . .
17  The burden of establishing otherwise falls on  the opponent of the evidence, who must come
18  'forward with enough negative factors to persuade a court that a report should not be
19  admitted.'") (internal citation omitted).  The Court need not reach any other arguments raised
20  by the parties.

21  8.   *"The high water temperature had already been documented and reported to the*
22  *Administrator by the staff for the past five days."*  This sentence constitutes an admissible
23  factual finding under Federal Rule of Evidence 803(8) and shall not be redacted.  See, e.g., In
24  the Beech Aircraft v. Rainey, 488 U.S. 153, 169 (1988) (pointing out that one of the main
25  "safeguards" of Rule 803(8)(C) is "the trustworthiness provision [that] requires the [district]
26  court to make a determination as to whether the report, or any portion thereof, is sufficiently
27  trustworthy to be admitted."); Freitag v. Ayers, 468 F.3d 528, 541, n.5 (9th Cir. 2006)
28  (stating that under Federal Rules of Evidence 803(6) and 803(8), the investigative report in

1 that case was "afforded a presumption of reliability and trustworthiness that the defendants
2 failed to rebut."); Gilbrook v. City of Westminster, 177 F.3d 839, 858 (9th Cir.1999) ("A
3 trial court may presume that public records are authentic and trustworthy. . . . The burden of
4 establishing otherwise falls on the opponent of the evidence, who must come 'forward with
5 enough negative factors to persuade a court that a report should not be admitted.'") (internal
6 citation omitted). The Court need not reach any other arguments raised by the parties.

7   9.   *"The Direct Care Staff disregarded the facility's policy to maintain the temperature of the*
8       *shower between 105 degrees Fahrenheit and 120 degrees Fahrenheit."* This sentence
9       constitutes an admissible factual finding under Federal Rule of Evidence 803(8) and shall not
10      be redacted. See, e.g., In the Beech Aircraft v. Rainey, 488 U.S. 153, 169 (1988) (pointing
11      out that one of the main "safeguards" of Rule 803(8)(C) is "the trustworthiness provision
12      [that] requires the [district] court to make a determination as to whether the report, or any
13      portion thereof, is sufficiently trustworthy to be admitted."); Freitag v. Ayers, 468 F.3d 528,
14      541, n.5 (9th Cir. 2006) (stating that under Federal Rules of Evidence 803(6) and 803(8), the
15      investigative report in that case was "afforded a presumption of reliability and
16      trustworthiness that the defendants failed to rebut."); Gilbrook v. City of Westminster, 177
17      F.3d 839, 858 (9th Cir.1999) ("A trial court may presume that public records are authentic
18      and trustworthy. . . . The burden of establishing otherwise falls on the opponent of the
19      evidence, who must come 'forward with enough negative factors to persuade a court that a
20      report should not be admitted.'") (internal citation omitted). The Court need not reach any
21      other arguments raised by the parties.

22  10.  *"The day program assessment, dated 05/10/04, stated that Client 1 was able to make*
23      *guttural sounds. The Client's cries were described as 'fairly loud' when she was upset and*
24      *she would draw her knees up and move her body forward, in a ball like position, when she*
25      *was uncomfortable."* These sentences constitute admissible hearsay under Federal Rules of
26      Evidence 803(6) and/or 803(8), and shall not be redacted. The Court need not reach the
27      other arguments raised by the parties.

28  11.  *"Client 1 developed an infection that spread to her bloodstream and required antibiotic*

4

*treatment."* This sentence constitutes an admissible factual finding under Federal Rule of Evidence 803(8) and shall not be redacted. See, e.g., In the Beech Aircraft v. Rainey, 488 U.S. 153, 169 (1988) (pointing out that one of the main "safeguards" of Rule 803(8)(C) is "the trustworthiness provision [that] requires the [district] court to make a determination as to whether the report, or any portion thereof, is sufficiently trustworthy to be admitted."); Freitag v. Ayers, 468 F.3d 528, 541, n.5 (9th Cir. 2006) (stating that under Federal Rules of Evidence 803(6) and 803(8), the investigative report in that case was "afforded a presumption of reliability and trustworthiness that the defendants failed to rebut."); Gilbrook v. City of Westminster, 177 F.3d 839, 858 (9th Cir.1999) ("A trial court may presume that public records are authentic and trustworthy. . . . The burden of establishing otherwise falls on the opponent of the evidence, who must come 'forward with enough negative factors to persuade a court that a report should not be admitted.'") (internal citation omitted). The Court need not reach any other arguments raised by the parties.

12. *"The Redwood City Fire Department report dated 05/05/04 at 9:44 p.m. documented, "Met with Manager who made the statement that they just had a brand new water heater installed on 4/29/04 and the water was very hot at 150 degrees Fahrenheit and that he turned it down a few degrees after installation."* This sentence constitutes admissible hearsay pursuant to Federal Rule of Evidence 803(8). Therefore, it shall not be redacted. The Court need not reach any other arguments raised by the parties.

13. *"On 05/06/04 at 4:10 p.m. the House Manager stated that the Executive Director had been made aware of the high hot water temperature but no corrective action was taken until 05/06/04, even though Client 1 had been transferred to the hospital because of the shower burn."* This sentence constitutes a subsequent remedial measure and shall be redacted pursuant to Federal Rule of Evidence 407. It is also confusing as to the dates contained in it, which warrants redaction pursuant to Federal Rule of Evidence 403. The Court need not reach any other arguments raised by the parties.

14. *"A work order dated 05/06/04 documented that the anti scald mixing valve was adjusted on that day and"* Plaintiff argues that this sentence incorrectly describes the work order, but

5

|   |   |
|---|---|
| 1 | the Court cannot rule on this proposed redaction without examining the work order. |
| 2 | Redaction would be appropriate if, and only if, this sentence inaccurately describes the work |
| 3 | order. The parties shall meet and confer regarding whether this sentence is inaccurate based |
| 4 | on a review of the work order. |

15. *"The facility failed to take the necessary steps to repair or regulate the water heater's temperature. The facility failed to maintain the water temperature at a safe level for use by the clients. Also, the facility continued to shower clients, even though all staff, including the Executive Officer, were aware that hot water temperature readings were above a safe level (minimum 105 degrees Fahrenheit maximum 120 degrees Fahrenheit per Title 24 511.5."* The first two sentences of this paragraph constitute factual findings that are admissible pursuant to Federal Rule of Evidence 803(8) and shall not be redacted. See, e.g., In the Beech Aircraft v. Rainey, 488 U.S. 153, 169 (1988) (pointing out that one of the main "safeguards" of Rule 803(8)(C) is "the trustworthiness provision [that] requires the [district] court to make a determination as to whether the report, or any portion thereof, is sufficiently trustworthy to be admitted."); Freitag v. Ayers, 468 F.3d 528, 541, n.5 (9th Cir. 2006) (stating that under Federal Rules of Evidence 803(6) and 803(8), the investigative report in that case was "afforded a presumption of reliability and trustworthiness that the defendants failed to rebut."); Gilbrook v. City of Westminster, 177 F.3d 839, 858 (9th Cir.1999) ("A trial court may presume that public records are authentic and trustworthy. . . . The burden of establishing otherwise falls on the opponent of the evidence, who must come 'forward with enough negative factors to persuade a court that a report should not be admitted.'") (internal citation omitted). The remainder of the paragraph shall be redacted as unreliable (e.g., "all staff") and under Federal Rule of Evidence 403. The Court need not reach any other arguments raised by the parties.

16. *"Client 1 was left to suffer the psychological and physical effects of her burns, dressed and covered with bed clothing, until Staff A returned to change the Client's brief between 9:00 p.m. and 9:30 p.m."* This sentence constitutes an admissible factual finding under Federal Rule of Evidence 803(8) and shall not be redacted. See, e.g., In the Beech Aircraft v.

6

1    Rainey, 488 U.S. 153, 169 (1988) (pointing out that one of the main "safeguards" of Rule
2    803(8)(C) is "the trustworthiness provision [that] requires the [district] court to make a
3    determination as to whether the report, or any portion thereof, is sufficiently trustworthy to
4    be admitted."); Freitag v. Ayers, 468 F.3d 528, 541, n.5 (9th Cir. 2006) (stating that under
5    Federal Rules of Evidence 803(6) and 803(8), the investigative report in that case was
6    "afforded a presumption of reliability and trustworthiness that the defendants failed to
7    rebut."); Gilbrook v. City of Westminster, 177 F.3d 839, 858 (9th Cir.1999) ("A trial court
8    may presume that public records are authentic and trustworthy. . . . The burden of
9    establishing otherwise falls on the opponent of the evidence, who must come 'forward with
10   enough negative factors to persuade a court that a report should not be admitted.'") (internal
11   citation omitted). The Court need not reach any other arguments raised by the parties.

12   17.   *From "A review of the Public Safety Communications report indicated that" through "after*
13         *Client 1 sustained the burns."* This paragraph constitutes admissible hearsay pursuant to
14         Federal Rule of Evidence 803(8). Therefore, it shall not be redacted. The Court need not
15         reach any other arguments raised by the parties.

16   18.   *"Therefore, the facility failed to protect Client 1 from harm, neglect, and inhumane*
17         *treatment during an excessively hot water shower. Once the injury was noted, the facility*
18         *failed to provide Client 1 with prompt treatment and medical care. The Client was as a*
19         *result, subjected to injuries, which required surgery and other painful invasive procedures.*
20         *The status of her physical health has declined since the event. She is now more depend on*
21         *staff for a higher level of care. The above violations either jointly, separately, or in any*
22         *combination presented an imminent danger that death or serious harm would result or a*
23         *substantial probability that death or serious physical harm would result."* The first three
24         sentences constitute factual findings that are admissible under Federal Rule of Evidence
25         803(8) and therefore shall not be redacted. See, e.g., In the Beech Aircraft v. Rainey, 488
26         U.S. 153, 169 (1988) (pointing out that one of the main "safeguards" of Rule 803(8)(C) is
27         "the trustworthiness provision [that] requires the [district] court to make a determination as
28         to whether the report, or any portion thereof, is sufficiently trustworthy to be admitted.");

7

Freitag v. Ayers, 468 F.3d 528, 541, n.5 (9th Cir. 2006) (stating that under Federal Rules of Evidence 803(6) and 803(8), the investigative report in that case was "afforded a presumption of reliability and trustworthiness that the defendants failed to rebut."); Gilbrook v. City of Westminster, 177 F.3d 839, 858 (9th Cir.1999) ("A trial court may presume that public records are authentic and trustworthy. . . . The burden of establishing otherwise falls on the opponent of the evidence, who must come 'forward with enough negative factors to persuade a court that a report should not be admitted.'") (internal citation omitted). The remainder of the paragraph shall be redacted pursuant to Federal Rule of Evidence 403. The Court need not reach any other arguments raised by the parties.

19. *Plaintiff requests that the document at RC000022-000033 be excluded in its entirety.* The Court has already ruled on the admissibility of this document in the concurrently filed Order regarding the parties' Motions in Limine, and the same ruling applies here. As stated in that Order: "The Statement of Deficiencies and Plan of Correction is subject to Federal Rule of Evidence 407, which forbids admission of subsequent remedial measures to prove negligence or culpability. It is therefore only admissible if offered for another purpose such as showing ownership, control, feasibility of repairs, or impeachment." The Court need not reach any other arguments raised by the parties.

**Motion in Limine #3: Ombudsman's report - Exhibit D (Progress notes), H (declaration)**

20. *Paragraph regarding "Theresa's Verbal & Mobility Status."* This paragraph is admissible hearsay under Federal Rule of Evidence 803(8). To the extent that Plaintiff argues that this information is not trustworthy, Plaintiff has not made a sufficient showing of untrustworthiness at this point, but as this paragraph refers to a document that is not attached, that document should be attached if it is available. The Court need not reach any other arguments raised by the parties.

21. *"Suspected abuse has conflicting story, Oretha statement said she didn't give Theresa a shower that afternoon yet she told the Police officers she did and the Karl Bradly (Department of Health Services) a different story."* This sentence is admissible hearsay under Federal Rules of Evidence 803(6) and/or 803(8), and therefore shall not be redacted.

8

1    The Court need not reach any other arguments raised by the parties.

2    22.  *"and they said they would discuss this with their Regional Administrator of Golden Gate Regional. They mentioned monitoring this facility on a regular bases."* These statements shall be redacted pursuant to Federal Rule of Evidence 403.  The Court need not reach the other arguments raised by the parties.

**Motion in Limine #6: Police and fire department investigations/reports - Exhibit E (police) and F (fire)**

23.  *"Dr Anthony said within 2 minutes of applying water hot enough to inflict the third degree burns to the skin the victim's skin would have begun to moderately blister and the blisters would be very visible."* This statement shall be redacted pursuant to Federal Rules of Evidence 701 and/or 702.  Defendants' argument that this statement is admissible hearsay pursuant to Federal Rule of Evidence 803(4) is overruled.  The Court need not reach the other arguments raised by the parties.

24.  *Two paragraphs beginning "I told Ocansey I thought I knew what happened to Rodriguez. I told her I think she . . ." through "She was very upset and angry during her denial of my theory."* The majority of these two paragraphs set out an officer's theory of what occurred at McGarvey House, which is irrelevant and substantially more prejudicial than probative under Federal Rule of Evidence 403.  Thus, the paragraphs shall be redacted after the phrase "I told Ocansey I thought I knew what happened to Rodriguez" (which should not be redacted) up to the sentence beginning "She was very upset . . . ."  The last sentence ("She was very upset and angry during her denial of my theory.") shall not be redacted.  The Court need not reach any other arguments raised by the parties.

25.  *"Mercado asked Ocansey what did she do to Rodriguez when she showered her. Ocansey said she never showered Rodriguez. Mercado asked her what she was talking about because he saw her take Rodriguez to the shower room and saw her take Rodriguez out of the shower room. Ocansey started acting crazy and just kept repeating, "I didn't give her a shower, I didn't give her a shower."* These statements are admissible hearsay under Federal Rule of Evidence 803(1) and/or (2), and therefore shall not be redacted.  The Court need not reach any other arguments raised by the parties.

9

26.  *The remainder of the document, beginning with "I am submitting this case for review of the charge of 368 (b-1) PC, Allowing a Dependent Adult to Suffer" through "2 minutes of initial scalding."*  These paragraphs constitute admissible factual findings under Federal Rule of Evidence 803(8) and shall not be redacted.  See, e.g., In the Beech Aircraft v. Rainey, 488 U.S. 153, 169 (1988) (pointing out that one of the main "safeguards" of Rule 803(8)(C) is "the trustworthiness provision [that] requires the [district] court to make a determination as to whether the report, or any portion thereof, is sufficiently trustworthy to be admitted."); Freitag v. Ayers, 468 F.3d 528, 541, n.5 (9th Cir. 2006) (stating that under Federal Rules of Evidence 803(6) and 803(8), the investigative report in that case was "afforded a presumption of reliability and trustworthiness that the defendants failed to rebut."); Gilbrook v. City of Westminster, 177 F.3d 839, 858 (9th Cir.1999) ("A trial court may presume that public records are authentic and trustworthy. . . . The burden of establishing otherwise falls on  the opponent of the evidence, who must come 'forward with enough negative factors to persuade a court that a report should not be admitted.'") (internal citation omitted).  The Court need not reach any other arguments raised by the parties.

27.  *"The facility did not allow anymore showers to the residents until the issue was resolved."*  This sentence constitutes a subsequent remedial measure and is also substantially more prejudicial than probative, and therefore shall be redacted pursuant to Federal Rules of Evidence 403 and 407.  The Court need not reach any other arguments raised by the parties.

28.  *Paragraph beginning "Stanton called Ocansey on 5-6-04" through "when brought into the bathroom."*  This paragraph is hearsay and Defendants have not shown that it is subject to an exception.  Therefore, it shall be redacted.  The Court need not reach any other arguments raised by the parties.

29.  *"On 5-14-04 I met with Lydia Church (Ombudsman 349- 7008) and Carol Bradley (Health Facilities Evaluator Nurse 301-9971. Lydia gave me copies documents and records she has obtained, see attached. She also gave me a copy of photos she had. Once set are photos the burn center took and the other are photos that she took. I was informed, and you can see in the photos, that Rodriguez also received a burn (less severe) under her right arm."*  These

10

statements are irrelevant in that they only convey information about what documents were obtained from the Ombudsman, and shall be redacted. The Court need not reach any other arguments raised by the parties.

30. *"They told us in summary they had received a call of a burn victim at the care home on McGarvey."* This is admissible hearsay pursuant to Federal Rule of Evidence 803(8), and therefore shall not be redacted. The Court need not reach any other arguments raised by the parties.

31. *Plaintiff requests that the page at ROD-000025 be excluded in its entirety.* This page is excluded under Federal Rule of Evidence 403. The Court need not reach any other arguments raised by the parties.

32. *"FF/Paramedic Greene saw obvious burns to hip and abdomen area."* This statement is admissible hearsay under Federal Rule of Evidence 803(8). To the extent that Plaintiff argues that this information is not trustworthy, Plaintiff has not made a sufficient showing of untrustworthiness. The Court need not reach any other argument raised by the parties.

**Motion in Limine #12: DOJ investigation - Exhibit G (Field Report #2), H (field report #5), I (field report #6), J (field report #7), K (field report #8), L (field report #4), M (field report #12), N (field report #14), O (field report #15)**

33. *Plaintiff requests that the entire page at ROD-000004 be excluded.* This page constitutes admissible hearsay under Federal Rule of Evidence 803(6) and shall not be redacted, provided that Special Agent Walker can establish the requirements of that Rule as a representative of Defendants. The Court need not reach any other arguments raised by the parties.

34. *Plaintiff requests that the document at ROD-000026 be excluded.* This page constitutes admissible hearsay under Federal Rule of Evidence 803(6) and shall not be redacted, provided that Special Agent Walker can establish the requirements of those Rules as a representative of Defendants. The Court need not reach any other arguments raised by the parties.

35. *"He noted that RCCA-Madison received numerous complaints and their last survey was 56 pages long."* This statement does not pertain to the McGarvey House or the incident in

11

question, and shall be redacted. The Court need not reach any other arguments raised by the parties.

36. *Paragraph beginning with "Mercado said that Care Giver Christina Powell told him" and ending with "after Rodriguez was burned."* This paragraph is admissible pursuant to Federal Rules of Evidence 803(6) and/or 803(8), and therefore, shall not be redacted. The Court need not reach any other arguments raised by the parties.

37. *"All other staff are required to check the temperature utilizing a thermometer every time they give a shower to a client. If the temperature reaches 110 degrees they do not give the shower and are required to document this."* These sentences are admissible and shall not be redacted unless they pertain to a subsequent remedial measure, which it does not appear to be. The parties shall meet and confer regarding whether these statements would be excluded as subsequent remedial measures given the Court's rulings on other proposed redactions on that basis. The Court need not reach any other arguments raised by the parties.

38. *"Mercado said that after Rodriguez was burned, they increased staff from two during the day shift and evening shift to three. Subsequent to the Department of Health Services (DHS) survey, however, the homes have returned to two staff on duty during these shifts."* These statements are irrelevant and constitute subsequent remedial measures pursuant to Federal Rule of Evidence 407, and therefore shall be redacted. The Court need not reach any other arguments raised by the parties.

39. *"A few individuals were hired to direct activities for clients, which included playing with them or helping them draw. When the house was short staffed on Care Givers, they would push the activities employees into caring for the staff, which they were not trained to do. These staff were eventually trained as Care Givers."* These statements shall be redacted on the grounds that the time period at issue is unclear, and that the statements are substantially more prejudicial than probative under Federal Rule of Evidence 403. The Court need not reach any other arguments raised by the parties.

40. *"Mercado said there were some allegations of abuse at Madison. The suspect abusers were terminated."* These statements are irrelevant and substantially more prejudicial than

probative under Federal Rule of Evidence 403, and therefore, shall be redacted. The Court need not reach any other arguments raised by the parties.

41. *"Mercado said Porche was suspended by Res-Care California, Inc., for reasons unknown to him. He said staff tried to get Porche terminated by signing a petition. Those who signed the petition continue to receive full time hours, while those who stayed neutral, like himself, have had their hours cut. He said the current problems at RCCA-Madison and RCCA-McGarvey are related to staff issues, not necessarily the care of the patients."* These statements shall be redacted pursuant to Federal Rule of Evidence 403. The Court need not reach any other arguments raised by the parties.

42. *Plaintiff requests that the document at ROD-000031-32 be excluded in its entirety.* This document shall be redacted because it is unreliable. The Court need not reach any other arguments raised by the parties.

43. *Plaintiff requests that the report at ROD-000033-39 be excluded in its entirety.* This report largely does not pertain to the scalding incident at issue and is therefore irrelevant, and even if relevant, is substantially more prejudicial than probative under Federal Rule of Evidence 403. The report shall be redacted. The Court need not reach any other arguments raised by the parties.

44. *Plaintiff requests that the report at ROD-000052-57 be excluded in its entirety.* This report is excluded as irrelevant and also under Federal Rule of Evidence 403. The Court need not reach any other arguments raised by the parties.

45. *"Brandt said it would have been nice if Res-Care would have had more funding from the State of California. He said he assumed this funding came from the Department of Social Services."* These statements shall be redacted as speculative, improper opinion, and substantially more prejudicial than probative under Federal Rule of Evidence 403. The Court need not reach any other arguments raised by the parties.

46. *"He said the administrator job was very stressful and there was a lot to keep up with."* This statement shall be redacted as speculative, improper opinion, and substantially more prejudicial than probative under Federal Rule of Evidence 403. The Court need not reach

13

|   |   |
|---|---|
| 1 | any other arguments raised by the parties. |
| 2 | 47. *Rest of Page 65, from "Brandt said that he felt like the Department of Health Services (DHS) were out to get them" through first paragraph on Page 66 "did not deserve the DHS scrutiny."* These statements shall be redacted as irrelevant, speculative, improper opinion, and substantially more prejudicial than probative under Federal Rule of Evidence 403. The Court need not reach any other arguments raised by the parties. |
| 3 | 48. *Three paragraphs beginning "Brandt said that his brother-in-law had Cerebral Palsy" through "Brandt said he did not hire illegal workers."* These paragraphs shall be redacted as speculative, improper opinion, and substantially more prejudicial than probative under Federal Rule of Evidence 403. The Court need not reach any other arguments raised by the parties. |
| 4 | 49. *In the last paragraph, "He said in the scalding of Rodriguez, either the Ocansey failed to check the temperature, or the water heater was broken."* This statement shall not be redacted; the objections that it is speculative or improper opinion are overruled. The Court need not reach any other arguments raised by the parties. |
| 5 | 50. *First two paragraphs, beginning with "Brandt said he was bummed out" and ending with "his priority was the residents."* These paragraphs are substantially more prejudicial than probative under Federal Rule of Evidence 403 and shall be redacted. The Court need not reach any other arguments raised by the parties. |
| 6 | 51. *Paragraph beginning "Brandt said that he believes" through "shopping for food."* This paragraph is substantially more prejudicial than probative under Federal Rule of Evidence 403 and shall be redacted. The Court need not reach any other arguments raised by the parties. |
| 7 | 52. *"I asked him if he ever shredded documents" through "destroying reports at Res-Care."* These statements are substantially more prejudicial than probative under Federal Rule of Evidence 403 and shall be redacted. The Court need not reach any other arguments raised by the parties. |
| 8 | 53. *From "I told Brandt that an administrator" on Page 67 through "would complain" on Page |

*(Left margin: **United States District Court** For the Northern District of California)*

14

*68.* These paragraphs are substantially more prejudicial than probative under Federal Rule of Evidence 403 and shall be redacted. The Court need not reach any other arguments raised by the parties.

54. *Plaintiff requests that the entire report at ROD-000069-72 be excluded.* This report is substantially more prejudicial than probative under Federal Rule of Evidence 403 and shall be redacted. The Court need not reach any other arguments raised by the parties.

**IT IS SO ORDERED.**

Dated: March 2, 2011

*Elizabeth D. Laporte*
ELIZABETH D. LAPORTE
United States Magistrate Judge