UNITED STATES DISTRICT COURT

Northern District of California

Oakland Division

| | |
|---|---|
| RES-CARE INC., | No. C 09-03856 EDL (LB) |
| Plaintiff,<br>v. | **ORDER RE GOOD FAITH SETTLEMENT DETERMINATION** |
| ROTO-ROOTER SERVICES COMPANY, *et al.*, | ECF No. 255 |
| Defendants. | |

## I. INTRODUCTION

Res-Care and Bradford-White jointly bring this unopposed motion for determination of good faith settlement. ECF No. 255.[1] Res-Care and Bradford-White have reached a settlement whereby Bradford-White agreed to a settlement payment to Res-Care in the amount of $115,000 with both parties mutually releasing any and all claims arising out of this dispute. *Id.* at 2; Settlement Agreement and Release, Napoli Decl., Exh. B, ECF No. 256-1 at 14. Because the settlement amount is fair and reasonable consideration for the release and bar of all present and future claims against Bradford-White in this action, the court grants the motion.

---

[1] Citations are to the docket numbers in the Electronic Case File (ECF) with pin cites to the electronically-stamped pages at the top of the document (as opposed to numbers at the bottom).

ORDER RE GOOD FAITH SETTLEMENT DETERMINATION
(C 09-03856 EDL (LB))

## II.  FACTS

Res-Care filed this action for indemnification and contribution from Defendants Roto-Rooter Services Company, Roto-Rooter Corporation (collectively "Roto-Rooter"), Bradford-White Corporation ("Bradford-White"), and Leonard Valve Company ("Leonard Valve") based on their proportionate share of liability for claims for which Res-Care settled and paid damages in the matter of *Conservatorship of the Person and Estate of Theresa Rodriguez v. Res-Care, Inc., et al.*, San Mateo Superior Court Case No. 114740.  Napoli Decl., ECF No. 256 at 2, ¶ 2.  Res-Care was sued in the underlying action for damages sustained by a former Res-Care facility resident, who was scalded in the shower by water that came from a hot water system serviced by Roto Rooter.  The system included a Bradford-White hot water heater and a Leonard Valve mixing valve.  *Id.* at 2, ¶ 3.  Res-Care joined Roto-Rooter, Leonard Valve and Bradford-White as cross-defendants in the underlying state court action.  Motion for Good Faith Settlement Determination, ECF No. 255 at 3.  Res-Care ultimately dismissed its cross-complaint against the cross-defendants without prejudice and agreed to a monetary settlement of the underlying action with the Plaintiff.  Under that settlement agreement, Res-Care paid $8.5 million to the conservator of the Plaintiff on August 26, 2008, in exchange for her release of all claims against Res-Care.  Napoli Decl., ECF No. 256 at 3, ¶ 5.

On August 1, 2009, Res–Care filed this action against Roto Rooter, Leonard Valve, and Bradford-White.  ECF No. 1.  On February 22, 2010, the parties participated in a private mediation before the Honorable Edward Infante (Ret.) at JAMS in San Francisco.  *Id.* at 3, ¶ 7.  During the mediation, Judge Infante helped Res-Care and Bradford-White initiate settlement discussions with each other.  *Id.*  After the mediation, Judge Infante continued to work with Res-Care and Bradford-White in negotiating the settlement.  *Id.*  On June 14, 2010, there was a mandatory settlement conference held in this case.  *Id.* at 3, ¶ 8.  At the settlement conference, the undersigned facilitated a final settlement for Res-Care and Bradford-White.  *Id.*

The key terms of the settlement agreement are: (1) Res-Care and Bradford-White agree to "mutually release, terminate and settle forever all existing disputes or claims past, present or future that may exist or be claimed to exist among them relating to, or arising out of the Action;" (2) Bradford-White agrees to pay Res-Care $115,000, which is 1.35% of the overall liability; and (3)

Res-Care agrees to file an executed dismissal with prejudice of the action and all causes of action therein as to Bradford-White only. Settlement Agreement and Release, Napoli Decl., Exh. B, ECF No. 256-1 at 14-16.

### III.  LEGAL STANDARDS

California Code of Civil Procedure § 877.6 permits a court to approve a settlement if it determines that the settlement was made in good faith. *See* Cal. Code Civ. P. § 877.6; *Fed. Sav. & Loan Ins. Corp. v. Butler*, 904 F.2d 505, 511 (9th Cir.1990) (holding that while the "section 877.6 procedures do not govern a federal action ... the substantive provisions ... are applicable") Section 877.6 provides in relevant part:

> (a) (1) Any party to an action in which it is alleged that two or more parties are joint tortfeasors ... shall be entitled to a hearing on the issue of the good faith of a settlement entered into by the plaintiff or other claimant and one or more alleged tortfeasors or co-obligors.
>
> \*          \*          \*
>
> (c) A determination by the court that the settlement was made in good faith shall bar any other joint tortfeasor ... from any further claims against the settling tortfeasor ... for equitable comparative contribution, or partial comparative indemnity, based on comparative negligence or comparative fault.
>
> (d) The party asserting the lack of good faith shall have the burden of proof on that issue.

Section 877.6 reflects "two major goals": "the equitable sharing of costs among the parties at fault and the encouragement of settlements." *Abbott Ford, Inc. v. Superior Court*, 43 Cal.3d 858, 872 (1987). A tortfeasor who has entered into a good-faith settlement within the meaning of section 877.6 is absolved of any further liability . . . including claims seeking total equitable immunity." *Far W. Fin. Corp. v. D & S Co.*, 456 Cal. 3d 796, 817 (Cal. 1988). Subdivision (c) applies only if the court finds that "the amount of the settlement is within the reasonable range of the settling tortfeasor's proportional share of comparative liability for the plaintiff's injuries." *L.C. Rudd & Son v. Superior Ct.*, 52 Cal. App. 4th 742, 747 (Cal. Ct. App. 1st Dist. 1997). Should any party challenge the settlement, the burden is on that party to show that the settlement was not made in good faith. *Fisher v. Superior Ct.*, 103 Cal. App. 3d 434, 447-49 (1980).

Examining good faith enables the court "to inquire, among other things, whether the amount of

1  the settlement is within the reasonable range of the settling tortfeasor's proportional share of

2  comparative liability for the plaintiff's injuries." *See Tech-Bilt, Inc. v. Woodward-Clyde & Assoc.*,

3  38 Cal.3d 488, 499 (1985). When making a determination that a settlement was made in good faith

4  under section 877.6(a)(1), "the intent and policies underlying section 877.6 require that a number of

5  factors be taken into account:" (1) a rough approximation of the plaintiff's total recovery and the

6  settlor's proportional liability; (2) the amount paid in settlement; (3) the allocation of settlement

7  proceeds among plaintiffs; (4) the recognition that a settlor should pay less in settlement than he

8  would if he were found liable after trial; (5) the financial conditions and insurance policy limits of

9  the settling tortfeasor; and (6) the existence of collusion, fraud or tortious conduct intended to injure

10 the interests of the non-settling parties. *See id.* "Practical considerations" require that the evaluation

11 "be made on the basis of the information available at the time of settlement[,] and a defendant's

12 settlement figure must not be grossly disproportionate to what a reasonable person, at the time of the

13 settlement, would estimate the settling defendant's liability to be." *Id.* (internal citation omitted).

## IV. DISCUSSION

15     The *Tech-Bilt* factors favor approval of the settlement agreement. The settlement was initiated

16 during an arms-length, informed, and independent mediation. The settlement agreement was

17 reached early in the litigation, was facilitated by Judge Infante and the undersigned, and cut off

18 additional costs of discovery, motions, and trial preparation as to the claims against Bradford-White.

19 Based on the information available to the parties at the time, the settlement is within the reasonable

20 range of Bradford-White's proportional share of comparative liability for the plaintiff's injuries.

21 There is no evidence of collusion, fraud or tortious conduct between Res-Care and Bradford-White.

22 To the contrary, the settlement agreement was the culmination of good faith negotiations. There is

23 nothing about the amount of settlement or any other matter in connection with the settlement that is

24 aimed at harming the non-settling defendants.

25     Pursuant to California Code of Civil Procedure section 877.6(c), the settlement amount is fair

26 and reasonable consideration for the compromise, release and bar of all present and future claims,

27 actions, or cross-complaints against Bradford-White for equitable comparative contribution, or

28 partial or comparative indemnity, based on comparative negligence or comparative fault relating to

ORDER RE GOOD FAITH SETTLEMENT DETERMINATION
(C 09-03856 EDL (LB))

4

the facts and allegations which are the subject of the above-captioned matter against Bradford-White.

### V. CONCLUSION

For the foregoing reasons, the court **GRANTS** the unopposed joint motion for good faith settlement determination.

**IT IS SO ORDERED.**

Dated: March 17, 2011

_____
LAUREL BEELER
United States Magistrate Judge