**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| RES-CARE INC., | No. C 09-3856 EDL (DMR) |
| Plaintiff, | |
| v. | **ORDER GRANTING JOINT MOTION FOR DETERMINATION OF GOOD FAITH SETTLEMENT** |
| ROTO-ROOTER SERVICES COMPANY, ROTO-ROOTER CORPORATION, BRADFORD-WHITE CORPORATION, LEONARD VALVE COMPANY, and DOES 1 through 20, inclusive, | |
| Defendants. | |
| _____/ | |

Plaintiff Res-Care, Inc. ("Res-Care") and Defendant Leonard Valve Company ("Leonard Valve") jointly move for determination of good faith settlement pursuant to California Code of Civil Procedure section 877.6. Defendants Roto-Rooter Services Company and Roto-Rooter Corporation (collectively, "Roto-Rooter") submitted a statement of non-opposition to the joint motion, requesting that the court allocate the full amount of the settlement between Res-Care and Leonard Valve against any judgment entered against them. The motion is suitable for resolution without oral argument pursuant to Civil Local Rule 7-1(b), and accordingly, the August 25, 2011 hearing on the motion is VACATED.

**United States District Court**
For the Northern District of California

I. STATEMENT OF FACTS

The settlement between Res-Care and Leonard Valve arises from a scalding incident at a Res-Care facility where a resident, Theresa Rodriguez, was severely burned in the shower while under the care of Res-Care personnel.  (Joint Mot. 1.)  The Estate and Conservator of Theresa Rodriguez initially brought suit against Res-Care in a separate state court action, and the two parties reached a settlement of $8.5 million.  (Joint Mot. 3.)  Res-Care then filed this action for equitable indemnity, contribution, and declaratory relief against Defendants Leonard Valve, Bradford-White Corporation ("Bradford-White"), and Roto-Rooter.  (Joint Mot. 3.)

In June 2010, Res-Care and Bradford-White reached a settlement whereby Bradford-White agreed to pay Res-Care $115,000, and both parties agreed to mutually release any and all claims arising out of the dispute.  Magistrate Judge Laurel Beeler subsequently granted an unopposed motion for determination of good faith settlement.  [Docket No. 266.]

On April 8, 2011, the parties participated in a mandatory settlement conference before the undersigned, and Res-Care and Leonard Valve reached a settlement on the following terms: Leonard Valve agreed to pay Res-Care $125,000, with Res-Care waiving the right to pursue a motion to tax costs in the underlying state court action and releasing with prejudice all claims against Leonard Valve.  (Joint Mot. 2.)  The parties now move for determination of good faith settlement.  They argue that the settlement payment "represents a fair and substantial resolution of Leonard Valve's potential liability in this case as viewed in the light of pertinent facts, existing law, the parties' available claims and defenses, and the future costs and risks of pursuing relief through litigation." (Joint Mot. 4.)

On July 19, 2011, Roto-Rooter, the remaining defendant in the action, filed a statement of non-opposition to the motion requesting that the court allocate the entire $125,000 settlement as a credit applied to any judgment entered against Roto-Rooter.  (Def.'s Resp. 2-3.)

2

**United States District Court**
For the Northern District of California

## II. LEGAL STANDARD

California Code of Civil Procedure sections 877 and 877.6 govern this motion.[1]  These statutes, covering settlements among joint tortfeasors, are aimed at two objectives: "equitable sharing of costs among the parties at fault, and . . . encouragement of settlements." *River Garden Farms, Inc. v. Superior Court*, 26 Cal. App. 3d 986, 993 (1972); *see also Tech-Bilt, Inc. v. Woodward-Clyde & Assocs.*, 38 Cal. 3d 488, 494.  The good faith requirement "mandates that the courts review agreements purportedly made under [the section's] aegis to insure that such settlements appropriately balance the contribution statute's dual objectives." *Tech-Bilt*, 38 Cal. 3d at 494.  Section 877 identifies the effects of a good faith settlement of one joint tortfeasor on another, and section 877.6 sets forth the procedural requirements for reaching such a determination.

Any party is entitled to a hearing on the issue of a good faith settlement; however, a settling party may proactively file a motion for good faith determination of the settlement.  Cal. Civ. Proc. Code § 877.6(a).  The application must "indicate the settling parties, and the basis, terms, and amount of the settlement." Cal. Civ. Proc. Code § 877.6(a)(2).  In the absence of any opposition, the court may approve the motion without a hearing. *Id.*  Finding that the settlement was made in good faith "shall bar any other joint tortfeasor . . . from any further claims against the settling tortfeasor . . . for equitable comparative contribution, or partial or comparative indemnity, based on comparative negligence or comparative fault." Cal. Civ. Proc. Code § 877.6(c).

In *Tech-Bilt*, the California Supreme Court established a set of factors to determine whether the "good faith" requirement is satisfied when reviewing a motion submitted under section 877.6:

> [T]he intent and policies underlying section 877.6 require that a number of factors be taken into account including a rough approximation of plaintiffs' total recovery and the settlor's proportionate liability, the amount paid in settlement, the allocation of settlement proceeds among plaintiffs, and a recognition that a settlor should pay less in settlement than he would if he were found liable after a trial. Other relevant considerations include the financial conditions and insurance policy limits of settling defendants, as well as

---

[1] Where, as here, a court sits in diversity, state substantive law applies to the state law claims.  *In re Larry's Apartment, LLC*, 249 F.3d 832, 837 (9th Cir. 2001).  California Code of Civil Procedure section 877 constitutes substantive law. *Fed. Sav. & Loan Ins. Corp. v. Butler*, 904 F.2d 505, 511 (9th Cir. 1990).

**United States District Court**
For the Northern District of California

1

2

the existence of collusion, fraud, or tortious conduct aimed to injure the interests of nonsettling defendants.

3    38 Cal. 3d at 499.  A party opposing a determination of good faith settlement "must demonstrate . . .

4    that the settlement is so far 'out of the ballpark' in relation to these factors as to be inconsistent with

5    the equitable objectives of the statute."  *Id.* at 499-500.

6            A party asserting the absence of good faith carries the burden of proof.  Cal. Civ. Proc. Code

7    § 877.6(d).  On account of this burden, "only when the good faith nature of a settlement is disputed"

8    must the court "consider and weigh the *Tech-Bilt* factors."  *City of Grand Terrace v. Superior Court*,

9    192 Cal. App. 3d 1251, 1261 (1987).  Otherwise, if no party objects, "the barebones motion which

10   sets forth the ground of good faith, accompanied by a declaration which sets forth a brief

11   background of the case is sufficient" to establish that the settlement was reached in good faith.  *Id.*;

12   *Hernandez v. Sutter Med. Ctr. of Santa Rosa*, No. 06-3350, 2009 WL 322937, at *3 (N.D. Cal. Feb.

13   9, 2009); *Bonds v. Nicoletti Oil Inc.*, No. 07-1600, 2008 WL 4104272, at *5 (E.D. Cal. Sept. 3,

14   2008).

15                                    III. DISCUSSION

16           Res-Care and Leonard Valve argue that the settlement meets the standard for good faith

17   when evaluated under the *Tech-Bilt* factors.  They state that the settlement "is the result of arms-

18   length, informed, and independent mediation."  (Joint Mot. 6.)  They maintain that the settlement is

19   within the "reasonable range of Leonard Valve's proportional share of comparative liability for

20   plaintiff's injuries."  (Joint Mot. 6.)  They acknowledge that "the entire amount can be used to offset

21   any judgment obtained against the non-settling defendants," and accordingly, "there is nothing

22   about the amount of the settlement . . . aimed at harming the non-settling defendant."  (Joint Mot. 6.)

23   Res-Care and Leonard Valve also provided the essential details of the settlement pursuant to section

24   877.6(a)(2).

25           Roto-Rooter does not oppose the joint motion.  (Def.'s Resp. 2-3.)  On account of Roto-

26   Rooter's non-opposition, the court does not need to evaluate the settlement under the *Tech-Bilt*

27   factors.  *See* Cal. Civ. Proc. Code § 877.6(d) (indicating presumption of good faith); *Hernandez,*

28

4

2009 WL 322937, at *3.  Nonetheless, in an abundance of caution, the court undertakes the analysis pursuant to *Tech-Bilt* as presented by the parties in the joint motion.

Several of the *Tech-Bilt* factors do not apply here.  There was no evidence of collusion, fraud, or tortious conduct, there was only a single plaintiff, and Leonard Valve was not burdened by financial conditions or insurance policy limits of particular relevance to this settlement.  The remaining salient *Tech-Bilt* factors are the amount paid and Leonard Valve's proportionate liability.  The amount must not be "grossly disproportionate to what a reasonable person, at the time of settlement, would estimate the settling defendant's liability to be."  *Torres v. Union Pac. R. Co.*, 157 Cal. App. 3d 499, 509 (1984).  Although the facts and legal theories supporting Leonard Valve's liability for Theresa Rodriguez's injury were not as strong as those supporting the culpability of other responsible parties, Leonard Valve nevertheless faced significant products liability exposure and had strong incentive to settle.  The settlement amount was fair and reasonable under the circumstances, and thus meets the *Torres* standard.  The settlement is within the "ballpark" range set by *Tech-Bilt*.  *See* 38 Cal. 3d at 499-500.  The motion for determination of good faith settlement is therefore granted.

Remaining before the court is Roto-Rooter's request for a settlement credit for the full amount of the settlement between Res-Care and Leonard Valve pursuant to *Espinoza v. Machonga*, 9 Cal. App. 4th 268, 272-73 (1992).  Roto-Rooter requests that "100% of the settlement monies . . . should be applied to any judgment entered" against them in the underlying trial with Res-Care. (Def.'s Resp. 3.)  After Roto-Rooter submitted its statement of non-opposition requesting a settlement credit, the Honorable Elizabeth D. Laporte issued the Findings of Fact and Conclusions of Law in the underlying trial.  [Docket No. 314.]  In it, Magistrate Judge Laporte designated the specific apportionment of the settlement as related to Roto-Rooter's judgment.  [Docket No. 314 at 27-28.]  Accordingly, Roto-Rooter's request for a full settlement credit is denied as moot.

IV. CONCLUSION

For the foregoing reasons, the court GRANTS the unopposed motion for determination of good faith settlement.

IT IS SO ORDERED.

5

United States District Court

For the Northern District of California

1

2    Dated: August 17, 2011

3    

    DONNA M. RYU
    UNITED STATES MAGISTRATE JUDGE

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28